The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

Brett A. **GALLOWAY,** Defendant-Appellant.

No. 84CA1169.

Colorado Court of Appeals, Div. I.

Aug. 21, 1986.

250

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Eric Perryman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colo. State Public Defender, Gerald E. Piper, Deputy State Public Defender, Denver, for defendant-appellant.

METZGER, Judge.

Defendant, Brett A. Galloway, appeals the judgments of conviction entered on jury verdicts finding him guilty of first degree sexual assault and sexual assault on a child. He contends that the trial court erred (1) in determining the victim to be a competent witness, (2) in admitting the hearsay statements made by the victim under the excited utterance, child victim of a sexual assault, and medical treatment exceptions to the hearsay rule, and (3) in admitting the hearsay statements by the victim pursuant to § 13–25–129, C.R.S. (1985 Cum.Supp.) in alleged violation of defendant's constitutional rights of confrontation and due process. We affirm.

On October 5, 1983, the victim, age 7, asked his mother if he could go to a nearby store with defendant. When the victim did not return home the victim's mother sent her other son, age 14, to look for him. The victim's brother found the victim running down the street and was immediately told by the victim that defendant "had goosed him."

When the victim arrived home he was trembling, crying, and unable to speak. His mother shook him and asked him what had happened, and he replied that defendant "had goosed him." The victim said that defendant had pulled down his own pants and those of the victim, had sat the victim on his lap, put his hand over the victim's mouth, and had moved up and down several times. The victim's mother immediately called the police, and the victim again described the incident to the responding officer.

The next day the victim's mother took the victim to the police station where he identified the defendant in a photo lineup and again described the sexual assault in detail to his mother and a detective. While the detective was away from the interview room, the victim told his mother that penetration had occurred. Thereafter, the victim was taken to Denver General Hospital for a physical examination.

A physician examined the victim and questioned him about the incident. The victim again described the sexual assault in detail.

## I.

Defendant first contends that the trial court erred when it determined that the victim was competent to testify under § 13–90–106(1)(b), C.R.S. (1985 Cum.Supp.). Defendant argues that the inconsistencies in the victim's testimony support a finding that the victim was incapable of relating the facts truthfully and, therefore, he should not have been permitted to testify. We disagree.

Section 13–90–106(1)(b)(II), C.R.S. (1985 Cum.Supp.), provides in pertinent part:

"This proscription [against testimony by children under ten years of age] does not apply to a child under ten years of age, in any civil or criminal proceeding for sexual abuse, sexual assault, or incest, when the child is able to describe or relate in language appropriate for a child of that age the events or facts respecting which the child is examined."

Because this is a sexual assault case, this statutory subsection is applicable. In this statutory provision, the General Assembly has expressed an intent to encourage testimony of child victims in sex crime cases. The only limit placed on the child's testimony is that the child be able to "describe or relate ... the events or facts" upon which the child is examined. Further, the determination whether a witness is competent to testify is an issue committed to the sound discretion of the trial court. *Lancaster v. People*, 200 Colo. 448, 615 P.2d 720 (1980).

■ The trial court found that the victim's testimony showed that he knew the difference between truth and falsehood, and that the victim's description of the events surrounding the sexual assault were in appropriate language. While defense counsel's cross-examination raised inconsistencies in the victim's testimony, the trial court correctly noted that these inconsistencies in minor portions of the victim's testimony went to the weight of the evidence, not to the victim's competency. The

trial court further found that the victim was capable of receiving just impressions of the facts, and was capable of relating those facts truly. Under these circumstances, we conclude that the trial court did not abuse its discretion.

## II.

Defendant next contends that the trial court erred in permitting the victim's mother, the police officer, and the physician to testify to statements made to them by the victim. The trial court admitted the statements pursuant to the excited utterance, medical treatment, and statement of a child victim describing a sexual act exceptions to the hearsay rule. We find no reversible error in the trial court's rulings.

### A.

CRE 803(2) defines an excited utterance as "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Although the elapsed time between the startling event and the declarant's statement is not without significance, it is not conclusive on the issue of admissibility, particularly when the declarant is a child. *People v. Sandoval*, 709 P.2d 90 (Colo.App. 1985). The trial court is in the best position to determine whether the excited utterance exception applies. *People v. Sandoval, supra.*

The victim's statements to his mother occurred immediately after the incident, and his statements to the police officer were made approximately one hour later. In each instance, the trial court found that the victim was nervous and upset because of the alleged sexual assault. Consequently, we find the trial court did not err in admitting the testimony on this basis.

### B.

The victim's mother was permitted to testify to what the victim told her the day after the incident while the detective was absent from the interview room at the po-

lice station. The trial court admitted the statement under both the excited utterance exception and § 13–25–129, C.R.S. (1985 Cum.Supp.).

Section 13–25–129, C.R.S. (1985 Cum.Supp.), provides in pertinent part:

"An out-of-court statement made by a child ... describing any act of sexual contact, intrusion, or penetration ... performed with, by, or on the child declarant, not otherwise admissible by a statute or court rule which provides an exception to the objection of hearsay, is admissible in evidence in any criminal ... proceedings in which the child is a victim of an unlawful sexual offense ... if:
(a) The court finds ... that the time, content, and circumstances of the statement provide sufficient safeguards of reliability; and
(b) The child ...
(I) Testifies at the proceedings...."

The trial court's findings pursuant to this statute are supported by the evidence and will not be disturbed on appeal. Thus, the testimony was properly admitted pursuant to the statute, and we need not discuss whether the statement constituted an excited utterance.

### C.

CRE 803(4), the medical diagnosis exception to the hearsay rule, includes: "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment."

The rationale for this rule is that statements made to a physician are presumptively reliable because of a patient's belief that the effectiveness of the treatment he receives may depend largely upon the accuracy of the information he provides the physician. *See W.C.L. v. People*, 685 P.2d 176 (Colo.1984). A two-part test has been adopted to ensure that evidence admitted under CRE 803(4) meets the above

rationale; this test requires a determination (1) whether the declarant's motive is consistent with the purpose of the rule and (2) whether it is reasonable for the physician to rely on the information in diagnosis or treatment. *People v. Stiles*, 692 P.2d 1124 (Colo.App.1984).

The physician testified that he had asked the victim about the sexual assault because it was a necessary part of his examination and that it was standard practice to obtain a medical history for purposes of treatment. He also stated that he told the victim he needed this information to perform a proper "evaluation." The trial court ruled that the victim's statements to his physician were admissible. The physician was then permitted to recount the victim's statements, and defense counsel made no further objection to this testimony.

■ Initially, we reject defendant's argument that the trial court erred when it found the medical treatment exception was applicable to the physician's testimony. The evidence concerning the motive of the victim and the purpose of the victim's statement is sufficient to meet the test in *People v. Stiles, supra.*

■ However, defendant also argues that part of the physician's testimony exceeded the scope of the rule. The physician testified that the victim stated that defendant had taken the victim to a school yard and forcibly held him there against his will. Although we agree that this testimony is outside the scope of CRE 803(4) because it was not used for purposes of medical diagnosis or treatment, the error, if any, was harmless. First, we note that defendant failed to object to this specific testimony. More importantly, this testimony was cumulative of other evidence showing that such events had occurred.

## III.

Defendant finally contends that the admission of hearsay statements pursuant to § 13–25–129, C.R.S. (1985 Cum.Supp.) violated his federal and state constitutional rights to confront adverse witnesses and his right to due process of law. We disagree.

■ The federal and state constitutional guarantees of a right to confront witnesses are primarily served by the defendant's right of cross-examination. *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980); *People v. Dement*, 661 P.2d 675 (Colo.1983). In this case, the victim did testify, and defendant exercised his right to confrontation through cross-examination of the victim. Consequently, we reject defendant's claim that he was denied the right to confront his accuser.

■ Defendant also argues that the application of the statute allowed the admission of cumulative and prejudicial testimony in violation of his constitutional rights to a fair trial and due process of law. We disagree.

Under § 13–25–129(1)(a), C.R.S. (1985 Cum.Supp.), the hearsay statements of a child may be admitted if the court finds that the time, content, and circumstances of the statements provide sufficient safeguards of reliability. The balancing of probative value against the prejudicial effect of cumulative evidence is committed to the sound discretion of the trial court. *See People v. Unrein*, 677 P.2d 951 (Colo.App. 1983); *People v. Abbott*, 638 P.2d 781 (Colo.1981).

Although the hearsay evidence was cumulative to the victim's testimony, the trial court acted within its discretion. Evidence tending to prove guilt is always prejudicial from a defendant's viewpoint. Where, as here, the trial court made the required findings of reliability pursuant to the statute, and the evidence was otherwise admissible under the rules of evidence, its admission was not so unduly prejudicial as to violate defendant's constitutional rights.

The judgments are affirmed.

PIERCE and STERNBERG, JJ., concur.