**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Teofilo SERNA, Defendant-Appellant.**

**No. 85CA1678.**

Colorado Court of Appeals, Div. II.

Feb. 26, 1987.

Rehearing Denied March 19, 1987.

Certiorari Denied (Serna) May 26, 1987.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Patricia Hummons Clark, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Linda A. Perkins, Martin J. Gerra, Deputy State Public Defenders, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, Teofilo Serna, appeals the judgment of conviction entered on a jury verdict finding him guilty of sexual assault on a child, a class three felony. We affirm.

On June 23, 1984, nine-year-old J.S. went to the home of defendant, his father, pursuant to a visitation schedule established as a result of his parents' divorce. At trial, J.S. testified that while he was watching a karate movie on television with his father and two brothers, his father asked him to come over to where he was lying on a couch. Defendant then put his hand down J.S.'s pants and touched him "in the front and back."

According to his mother and stepfather, J.S. appeared to be upset from that date on and, in early July, refused to go visit his father again. When pressed to explain why he did not want to go, J.S. reluctantly told his mother and stepfather about the incident. They did not report the matter to police until September when it became apparent that defendant was going to persist in his attempts to again visit his son.

In the course of the police investigation, a police officer, accompanied by a social worker, talked with J.S. The statements he made to them were substantially the same as the ones he had made to his mother and stepfather.

Prior to trial, defendant filed three motions in limine seeking to exclude all of the victim's hearsay statements. The trial court found that there were sufficient indicia of reliability to allow admission of the statements under § 13–25–129, C.R.S. (1986 Cum.Supp.).

## I.

Defendant argues that the trial court made inadequate findings as to the reliability of the victim's hearsay statements and therefore erred in allowing their admission at trial. We disagree.

Section 13–25–129 provides in pertinent part:

"An out-of-court statement made by a child ... describing any act of sexual contact, intrusion, or penetration ... performed with, by, or on the child declarant, not otherwise admissible by a statute or court rule which provides an exception to the objection of hearsay, is admissible in evidence in any criminal ... proceedings in which the child is a victim of an unlawful sexual offense ... if: (a) the court finds ... that the time, content, and circumstances of the statement provide sufficient safeguards of reliability; and (b) the child ... (I) testifies at the proceedings...."

Defendant argues that in assessing the issue of reliability the trial court should be required to consider the nine factors set out in *State v. Ryan*, 103 Wash.2d 165, 691 P.2d 197 (1984). These factors are:

1. The general character of the declarant; and

2. The timing of the declaration and the relationship between the declarant and the witness; plus

3. Whether there is an apparent motive to lie;

4. Whether more than one person heard the statements;

5. Whether the statements were made spontaneously;

6. Whether the statements contain no express assertion about past fact;

7. Whether cross-examination could not show the declarant's lack of knowledge;

8. Whether the possibility of the declarant's faulty recognition is remote; and

9. Whether the circumstances surrounding the statement are such that there is no reason to suppose the declarant misrepresented defendant's involvement.

Although these factors may be useful in helping a trial court to resolve whether there are present the sufficient indicia of reliability required by our statute, we decline to rule that a trial court must consider these factors in making its determination.

Here, the trial court's findings pursuant to the statute are supported by the evidence, and accordingly, they will not be disturbed on appeal. *People v. Galloway*, 726 P.2d 249 (Colo.App.1986).

## II.

Defendant next argues that certain portions of the hearsay statements were not admissible under the statute because they contained information other than a description of the specific sexual conduct alleged. Specifically, defendant contends that the trial court improperly allowed those parts of the statements that included the setting in which the act occurred, the names of others present, what was going on in the room where the act occurred, whether defendant was drinking, looking at sexual materials, breathing hard, or doing something with his free hand, the frequency with which this occurred, how the victim reacted to defendant's actions, how it made him feel about defendant, and the reasons why the victim delayed telling anyone about his father's conduct.

Clearly, the attendant circumstances are often necessary to provide an adequate description of the alleged sexual conduct. Hence, with the exception of the statements regarding the victim's reaction to his father's actions, how it made him feel about his father, and the reason why he delayed in telling anyone about his father's conduct, the statements allowed by the trial court were within the scope of § 13–25–129 in that they provided descriptive information about the sexual conduct alleged.

As to those portions of the statements that were outside the scope of § 13–25–129, we conclude that in light of the victim's testimony at trial, their admission, if error, was harmless.

## III.

Defendant's remaining contentions are without merit.

The judgment is affirmed.

KELLY and STERNBERG, JJ., concur.