The PEOPLE of the State of
Colorado, Petitioner,

v.

The DISTRICT COURT OF EL PASO COUNTY, and Honorable Bernard Baker, one of the judges thereof, Respondents.

No. 89SA116.

Supreme Court of Colorado,
En Banc.

July 24, 1989.

Robert M. Brown, Chief Deputy Dist. Atty., and Paul A. Sanford, Deputy Dist. Atty., Colorado Springs, for petitioner.

David F. Vela, Colorado State Public Defender, Bradley D. Crown and Nancy J. Lichtenstein, Deputy Public Defenders, Colorado Springs, for respondents.

ERICKSON, Justice.

This original proceeding raises the issue of whether the trial court properly excluded a four-year-old child's hearsay statements that alleged her father had sexually abused her. The prosecution argues that the trial court erred in holding the statements inadmissible. Specifically, the prosecution claims that the trial court erred by finding that the child, although not competent, was "available" to testify under section 13-25-129(1)(b)(II), 6A C.R.S. (1987), and that the child's statements were unreliable and therefore inadmissible hearsay under section 13-25-129. We issued a rule to show cause, and now make the rule absolute and remand for further proceedings consistent with this opinion.

## I.

The defendant, Kenneth D. Wade, was charged by information on July 20, 1988, with one count of aggravated incest in violation of section 18-6-302, 8B C.R.S. (1986), for sexually abusing his four-year-old daughter, who is identified in this opinion as "Jane." Because this proceeding is before us prior to trial, all of the facts which led to the filing of the charge have not been presented to this court. However, the record is sufficient to resolve the limited evidentiary issue in this case.

Although the factual circumstances of the sexual assault are undecided at this point, the hearsay statements in issue are not disputed. Jane's mother testified at the preliminary hearing that

> [Jane] and I were roughhousing in our home, and during the process of roughhousing, she told me that her Dad had bit her in her crack. I didn't pursue it at that time, but come around bedtime, I said, "Where did your Daddy bite you"? And she said, "In my crack". And I said, "Well, what did you have on"? And she said, "A diaper", and she hesitated, and then she said that he had gotten her all wet and slobbery. And that's all she told me.

A clinical child psychologist who evaluated Jane for signs of sexual assault testified at the preliminary hearing that upon being given male and female anatomically correct dolls,

> [Jane] had them hug, and then she put [the] father on top of the little girl. And then I ... ask[ed] her if that happened between herself and her father, and she indicated that her father kissed her on the mouth, the cheek, and the forehead. And then she pointed to her vagina; indicated that she'd been kissed on the vagina by her father, then indicated that her father had touched her with his finger on the vagina.

The final hearsay statement involved was made by Jane to a state social worker. According to a report made by the social worker:

> In her therapy session with me, [Jane] chose to play with the anatomically correct dolls I have in my office. She selected the adult male and the girl doll. During her play, she had each doll place his

or her mouth on the other doll's nipples. She also had both dolls kiss the other doll's nipples. She then held the two dolls facing each other, and thrusted ... the two dolls, undressed, toward one another approximately six times. I asked [Jane] to identify who the dolls were, and she indicated that the adult male doll was her father, and that the girl doll was herself. I asked her if her father had touched her with his mouth, and she pointed to her own crotch. She then had the male doll kiss the female—or kiss the face and head of the female doll. I asked her what had happened, and she said, "I don't want to tell you". She then added, "He's a mean dad". At that point, [Jane] said spontaneously, "He opened me with a sharp knife". I asked her where, and she pointed to her leg and her belly. She then said, "He put his ding-a-ling inside". At that point, [Jane] picked up a pen I had on my desk, and stuck it inside the vaginal opening of the girl doll. She then said, "He cut me open with a spoon". When I asked her where, she pointed to her cheek and her eye. [Jane] then said, ["]He used a pencil too,["] and she began pushing a pencil in and out of the female doll's vaginal opening.

On January 3, 1989, the prosecution, pursuant to section 13–25–129(3), 6A C.R.S. (1987), filed a notice of its intent to offer as evidence Jane's three out-of-court statements. Under section 13–25–129(1)(a) and (b), a child's out-of-court statements relating incidents of sexual abuse are admissible if the statements are reliable and the child either testifies at trial or is unavailable to testify but there is corroborative evidence supporting the out-of-court statement. The defendant responded to the prosecution's notice by arguing that admitting Jane's hearsay statements would violate his right to confront an adverse witness face-to-face as guaranteed by article II, section 16 of the Colorado Constitution and the sixth amendment of the United States Constitution.[1] He also argued that the statements should not be admitted since Jane was available to testify and that, even if she was unavailable, her statements lacked the requisite indicia of reliability required by section 13–25–129(1)(a).

Thereafter, a number of hearings were held by the trial court. At the first hear-

---

1. Article II, section 16 of the Colorado Constitution provides: "In criminal prosecutions the accused shall have the right ... to meet the witnesses against him face to face." The sixth amendment's confrontation clause provides, "[i]n criminal prosecutions, the accused shall enjoy the right ... to be confronted with witnesses against him." While the federal constitution does not contain the "face to face" language found in the Colorado Constitution, the United States Supreme Court has interpreted the sixth amendment as reflecting "a preference for face-to-face confrontation at trial." *Ohio v. Roberts,* 448 U.S. 56, 63, 100 S.Ct. 2531, 2537, 65 L.Ed.2d 597 (1980); *People v. Dement,* 661 P.2d 675, 679–80 (Colo.1983). The sixth amendment's confrontation clause is made applicable to the states through the fourteenth amendment. *See* U.S. Const. amend. XIV; *Pointer v. Texas,* 380 U.S. 400, 403–05, 85 S.Ct. 1065, 1067–69, 13 L.Ed.2d 923 (1965).

Crimes of the type alleged in this case are particularly susceptible to confrontation clause challenges because often the only direct link between the child victim and the offender is the child's hearsay testimony. Child victims of sexual abuse are frequently not competent to testify because of their tender years, and consequently cannot be cross-examined by the defendant. Thus, the interest the defendant has in confronting his or her accuser must be considered in determining whether the state may prosecute a case in which the only available evidence is hearsay testimony. The Supreme Court of Utah capably explained the problem inherent in prosecuting a person based solely on a child's hearsay testimony when it stated:

Two alternative hazards are confronted. On the one hand, in accepting the testimony of a child there is the danger that she may not be telling the truth, in which event an innocent man may be convicted of crime and suffer the consequences thereof. On the other [hand], if the child's testimony is not accepted, a man guilty of crime, and possibly with the potential for more ... will go free. In this connection, it must be borne in mind that when such an offense [assaulting and taking indecent liberties upon a child] is committed, it is done with the greatest possible stealth and secrecy, so that most often the testimony of the victim, coupled with the type of corroboration we have here, is the only evidence available upon which to determine guilt or innocence. *The fact that there are difficulties involved should not prevent the processes of justice from functioning.* *State v. Smith,* 16 Utah 2d 374, 376, 401 P.2d 445, 447 (1965).

ing, the trial court found that Jane was not competent to testify at trial since she was unresponsive to questions in open court from both the prosecution and court and could not state what it meant to tell the truth or to lie. At the second hearing, the trial court heard testimony from Jane's pediatrician. The pediatrician told the court that at Jane's mother's request, he examined Jane in February 1988 for signs of sexual assault. The examination revealed that the child's hymenal ring was enlarged for a child of her age which, according to the doctor, was consistent with the allegation of sexual abuse.

The trial court then conducted a third hearing to determine whether, based upon all the evidence, Jane's statements were admissible under section 13-25-129. The court first reiterated its finding that Jane was not competent to testify. Then, the trial court stated that although Jane was not competent, she was nevertheless "available" to testify within the meaning of section 13-25-129(1)(b). The trial court concluded by noting that while the pediatrician's testimony was corroborative evidence which supported the allegation of abuse, Jane's three out-of-court statements were not reliable and hence did not fall within the hearsay exception found in section 13-25-129(1).

The prosecution asserts that the trial court erred by holding that Jane was available to testify when the court had previously found that she was not competent to testify. In our view, because the trial judge questioned Jane and found her not competent, she was unavailable to testify under section 13-25-129(1)(b)(II). Additionally, the trial court's determination that Jane's statements were not reliable under section 13-25-129(1)(a) forces us to resolve not only whether Jane was available to testify, but also determine whether the proper test was used in addressing the reliability issue.

## II.

Section 13-25-129, 6A C.R.S. (1987), provides an exception to the hearsay rule for out-of-court statements made by a child who is the victim of an unlawful sexual offense and sets forth procedures to be followed in order to admit such out-of-court statements. Section 13-25-129(1) provides that a child's hearsay statement[2] concerning sexual assault is admissible in evidence if:

(a) The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability; *and*

(b) The child either:

(I) Testifies at the proceedings; or

(ii) Is unavailable as a witness and there is corroborative evidence of the act which is the subject of the statement.

(Emphasis added.) The statute is a legislatively crafted exception to the hearsay rule which, in certain cases, prevents a defendant from exercising his constitutional right to confront an adverse witness face-to-face. *See* U.S. Const. amend. VI; Colo. Const. art. II, § 16. When considering a confrontation clause challenge to hearsay evidence such as the one now before us, we employ a two-step analysis. *See Ohio v. Roberts*, 448 U.S. 56, 65, 100 S.Ct. 2531, 2538, 65 L.Ed.2d 597 (1980); *People v. Dement*, 661 P.2d 675, 680 (Colo.1983). First, it must be determined whether the proponent of the hearsay either produced the hearsay declarant for cross-examination or demonstrated that the declarant was unavailable. *Ohio v. Roberts*, 448 U.S. at 65, 100 S.Ct. at 2538; *People v. Dement*, 661 P.2d at 680. If the declarant is unavailable to testify, we must then determine whether the hearsay bears "sufficient indicia of reliability" precluding the need for cross-examination. *Ohio v. Roberts*, 448 U.S. 56, 65, 100 S.Ct. 2531, 2538, 65 L.Ed.2d 597 (1980); *People v. Dement*, 661 P.2d at 681.

**2.** CRE 801(c) provides that hearsay is a "statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Here, the victim's statements were offered to prove the identity of the person who abused her and therefore go to the truth of the matter asserted. *See W.C.L. v. People*, 685 P.2d 176, 178 n. 3 (Colo.1984).

## Unavailability

The trial court ruled that although Jane was not competent to testify, she was nevertheless "available" within the meaning of section 13–25–129(1)(b)(II). Because Jane was deemed to be available, her out-of-court statements would be inadmissible unless she testified. Section 13–25–129(1)(b). She could not testify, however, because the court held that she was not competent. The practical effect of this ruling was to preclude the jury from hearing any testimony regarding the assault from Jane or the three persons whom Jane told about the assault.

■ Pursuant to section 13–90–106(1)(b)(II), 6A C.R.S. (1987), a child under ten years of age is not competent to testify in a sexual assault proceeding if he or she is not able to describe or relate in language appropriate for a child of that age the events or facts respecting which the child is examined. It is clear from the record that the trial court properly concluded that Jane was not competent to testify.

■ In Colorado, a child who is not competent to testify is unavailable within the meaning of section 13–25–129(1)(b)(II). *See Lancaster v. People*, 200 Colo. 448, 453, 615 P.2d 720, 723 (1980); *People v. Mathes*, 703 P.2d 608, 612 (Colo.App.1985). This rule reflects a common-sense understanding that when a party is prohibited by a court from testifying, neither the prosecution nor defense is able to call the party to testify. *See* CRE 804(a)(5).[3] Unavailability in the constitutional sense is established if the proponent of the hearsay testimony can show that good faith, albeit unsuccessful, efforts have been made to produce the declarant for trial. *Ohio v. Roberts*, 448 U.S. 56, 74–75, 100 S.Ct. 2531, 2543–44, 65 L.Ed.2d 597; *People v. Dement*, 661 P.2d 675, 681. In the case before us it is clear that the prosecution made a good faith, reasonable attempt to produce Jane for trial. Through its order finding Jane not competent to testify, the trial court, not the prosecution, was the party which precluded Jane from testifying at trial.

■ By so holding, we promote the rule that a child's out-of-court declaration is not automatically rendered inadmissible merely because the child was found to be not competent at the competency hearing. *Oldsen v. People*, 732 P.2d 1132, 1136 (Colo.1986); *Lancaster v. People*, 200 Colo. 448, 452, 615 P.2d 720, 722 (1980). Rather, the finding that a child is not competent to testify requires the trial court to determine whether the child's hearsay statement is sufficiently reliable to be admitted in spite of the child's unavailability and whether there is corroborative evidence of the act which is the subject of the statement. *See* § 13–25–129(1)(a) & (b). This rule is a recognition of the fact that children present special problems as witnesses due to their short memories, possible traumatic reaction as victims, and tendency to be intimidated by formal trial settings. *See* Christiansen, *The Testimony of Child Witnesses: Fact, Fantasy, and the Influence of Pretrial Interviews*, 62 Wash.L.Rev. 705, 712 (1987); Note, *The Testimony of Child Victims in Sex Abuse Prosecutions: Two Legislative Innovations*, 98 Harv.L.Rev. 806, 807 (1985). A competency hearing determines only whether a child can accurately recollect and narrate at trial the events of abuse, *see* section 13–90–106(1)(b)(II); *Marn v. People*, 175 Colo. 242, 246, 486 P.2d 424, 426 (1971), not whether the child was competent at the time the hearsay statement was made or whether the statement was reliable. A child's reliable out-of-court statement that accurately relates an incident of abuse will not be barred merely because the child was so frightened by the competency hearing proceedings that he or she became unresponsive or uncommunicative at the hearing.[4] By inter-

---

3. CRE 804(a)(5) provides that
   (a) "Unavailability of a witness" includes situations in which the declarant—
   (5) is absent from the hearing and the proponent of his statement has been unable to pro-

cure his attendance ... by process or other reasonable means.

4. In this case, the trial judge held the competency hearing in open court while the defendant, defense counsel, the prosecution, various court-

preting the statute in this manner, we reject the logically flawed assumption that a determination of incompetency at the time of the hearing invariably establishes that the child's statement was not reliable. In our view, this determination is to be made by the trial court when deciding whether the child's statement is supported by sufficient safeguards of reliability under section 13–25–129(1)(a).

Accordingly, we agree with the prosecution that the trial court erred in ruling that Jane was available to testify.

### Reliability

The second issue to be addressed in a confrontation clause challenge to hearsay evidence is whether the hearsay is sufficiently reliable to preclude the necessity of face-to-face examination. *See Ohio v. Roberts*, 448 U.S. 56, 66, 100 S.Ct. 2531, 2539, 65 L.Ed.2d 597 (1980). Section 13–25–129(1)(a) is designed to ensure that the out-of-court statement is reliable by requiring the trial court to conduct a hearing outside the jury's presence during which the court examines the time, content, and circumstances of the statement. If the child's hearsay statement is deemed to be unreliable, it is inadmissible regardless of the child's availability. *See* § 13–25–129(1)(a).

The statute's language regarding "sufficient safeguards of reliability" is rooted in a long line of United States Supreme Court precedent. *See, e.g., Dutton v. Evans*, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970); *California v. Green*, 399 U.S. 149, 90 S.Ct.

1930, 26 L.Ed.2d 489 (1970); *Barber v. Page*, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968); *Dowdell v. United States*, 221 U.S. 325, 31 S.Ct. 590, 55 L.Ed. 753 (1911); *Mattox v. United States*, 156 U.S. 237, 15 S.Ct. 337, 39 L.Ed. 409 (1895). As the Court stated in *Mancusi v. Stubbs*, 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293 (1972):

> The focus of the Court's concern has been to insure that there "are indicia of reliability which have been widely viewed as determinative of whether a statement may be placed before the jury though there is no confrontation of the declarant," *Dutton v. Evans* ... and to "afford the trier of fact a satisfactory basis for evaluating the truth of the prior statement," *California v. Green....* It is clear from these statements, and from numerous prior decisions of this Court, that even though the witness be unavailable his prior testimony must bear some of these "indicia of reliability referred to in *Dutton.*"

*Mancusi v. Stubbs*, 408 U.S. at 213, 92 S.Ct. at 2313. We have held that a child's hearsay statement bears sufficient indicia of reliability if it falls within the scope of a recognized exception to the hearsay rule. *See Oldsen v. People*, 732 P.2d 1132, 1136–37. Thus, in *Lancaster v. People*, 200 Colo. 448, 615 P.2d 720 (1980), we held that where a child told her mother that the defendant "hurt my pee-pee, Momma" approximately thirty minutes after the incident of abuse, the child's statement fell within the excited utterance exception [5] to

---

room personnel, and members of the defendant's family were present. The prosecution suggested that the "[c]ourt [might] prefer doing this back in chambers in a little less hostile setting," to which the trial court responded, "[n]o, because this is where the trial will be."

While preserving the neutrality of the proceeding the trial judge has broad discretion in determining how a competency hearing will be held and reasonable efforts should be made to put the child at ease. In most instances the hearing should be conducted in chambers since such a procedure facilitates the proceedings by lessening the child's anxiety. *See Kentucky v. Stincer*, 482 U.S. 730, 732, 107 S.Ct. 2658, 2660, 96 L.Ed.2d 631 (1987); *People v. Breitweiser*, 38 Ill.App.3d 1066, 1067, 349 N.E.2d 454, 456

(1976); *Dykes v. Dykes*, 488 So.2d 368, 371 (La. App.3d Cir.1986); *People v. Washington*, 130 Mich.App. 579, 582, 344 N.W.2d 8, 10 (1983); *Utah v. Eldredge*, 773 P.2d 29, (Utah 1989); *see also* Myers, *The Testimonial Competence of Children*, 25 J.Fam.L. 287, 346 (1986–87). By removing the hearing from the courtroom, the child is removed from what one commentator has described as "an imposing, frightening, and intimidating environment for a child, especially one who is questioned about such a sensitive topic as sexual abuse." Michie, *Victims of Child Sexual Abuse in the Courtroom: New Utah Rules and Their Constitutional Implication*, 15 J.Contemp.L. 81, 85 (1987).

5. Pursuant to CRE 803(2), "[a] statement relating to a startling event or condition made while

the hearsay rule and was therefore admissible. *Id.* at 450, 615 P.2d at 721–22. *See also People v. Galloway*, 726 P.2d 249, 252 (Colo.App.1986). Similarly, where a child relates an incident of abuse to a physician for purposes of medical diagnosis or treatment, and understands the need to be truthful to effectuate such purposes, the child's statement would be admissible since it would fall within the medical diagnosis exception.[6] *See People v. Galloway*, 726 P.2d 249, 252–53; *cf. W.C.L. v. People*, 685 P.2d 176, 181 (Colo.1984).

If the child's statement does not fall within the scope of a traditional hearsay exception, it may nevertheless come in if it falls within the residual exception to the hearsay rule codified in CRE 803(24).[7] The residual exception is particularly helpful in this case because its language closely parallels the language contained in section 13–25–129(1)(a). CRE 803(24) provides that a hearsay statement not covered by any other exception but having "equivalent circumstantial guarantees of trustworthiness" may be admissible if (1) the statement is offered as evidence of a material fact, (2) if the statement is more probative on the point it is offered for than any other available evidence, and (3) if justice would be served by admitting the statement. *See* CRE 803(24); *see also Oldsen v. People*, 732 P.2d 1132, 1137.

■ Those hearsay statements falling within a recognized exception are not the only hearsay statements admissible under section 13–25–129. Section 13–25–129 is a statutorily created exception to the hearsay rule that exists independently of any other exception contained in the Colorado Rules of Evidence. It only requires that the court determine at a separate hearing whether the time, content, and circumstances of the hearsay statement provide sufficient safeguards of reliability. *See People v. Wood*, 743 P.2d 422, 427 (Colo. 1987); *People v. Hise*, 738 P.2d 13, 15 (Colo.App.1986). Although we have not heretofore addressed how the time, content, and circumstances of the statement impact its reliability, the court of appeals and courts of other jurisdictions have suggested factors aiding in this determination. Included among the factors deemed helpful in *State v. Ryan*, 103 Wash.2d 165, 691 P.2d 197, 205 (1984), to determine whether a child's out-of-court statement is reliable are:

(1) Whether the statement was made spontaneously;

(2) whether the statement was made while the child was still upset or in pain from the alleged abuse;

(3) whether the language of the statement was likely to have been used by a child the age of the declarant;

(4) whether the allegation was made in response to a leading question;

(5) whether either the child or the hearsay witness had any bias against the defendant or any motive for lying;

(6) whether any other event occurred between the time of the abuse and the

---

the declarant was under the stress of excitement caused by the event or condition" is not excluded by the hearsay rule, regardless of the declarant's availability as a witness. *See People v. Dement*, 661 P.2d 675, 678.

**6.** CRE 803(4) codifies the admissibility of such statements and sets forth that "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." *See People v. Stiles*, 692 P.2d 1124, 1127 (Colo.App.1984).

**7.** CRE 803(24), adopted November 15, 1984, sets forth the residual exception and states:

A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthi-

ness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant.

time of the statement which could account for the contents of the statement;

(7) whether more than one person heard the statement; and

(8) the general character of the child. *See, e.g., Dutton v. Evans,* 400 U.S. 74, 88–89, 91 S.Ct. 210, 219–220, 27 L.Ed.2d 213 (1970); *United States v. Nick,* 604 F.2d 1199, 1204 (9th Cir.1979); *People v. Serna,* 738 P.2d 802, 803–04 (Colo.App.1987); *People v. Galloway,* 726 P.2d 249, 252 (Colo. App.1986); *State v. Ryan,* 103 Wash.2d 165, 175, 691 P.2d 197, 205 (1984); *State v. Parris,* 98 Wash.2d 140, 145, 654 P.2d 77, 80 (1982).

These factors provide guidance and direction but are not an immutable set of standards for the trial court in determining that the rather amorphous standard of "sufficient indicia of reliability" has been met. In *People v. Serna,* 738 P.2d 802, 803–804 (Colo.App.1987), the court of appeals recognized that the factors are helpful, but not mandatory standards for assessing the time, content, and circumstances of the child's statements. We agree that the factors provide assistance and guidance to the trial judge and provide a basis for analysis, but should not be used to foreclose admissibility on the basis that one factor has not been satisfied. In this case the physical evidence that Jane was sexually abused was established by not only the child's statements, but also by comprehensive and complete physical examinations that corroborated the child's statements and provided the foundation required by section 13–25–129. No evidence apart from the child's statements and the circumstantial evidence as to the time, place, and method of assault tied the defendant father to the alleged crime. By checking the child's out-of-court statement against this list of factors, we believe that the proper balance is struck between protecting the defendant's right to confront an adverse witness and the prosecution's right to present reliable, otherwise unobtainable evidence to the jury.

In reviewing the facts of this case, the record does not indicate why the trial court determined Jane's statements were unreliable or what factors led it to this conclusion. While the general rule is that we will not disturb a trial court's determination of reliability, *see People v. Galloway,* 726 P.2d 249, 253, there must be some record documenting the trial court's reason for determining reliability so that we may review that determination. Here, the trial court summarily concluded "that the reliability is not bolstered by the circumstances the Court has heard." No further explanation was given. The trial court made no findings as to why the time, content, or circumstances of Jane's hearsay statements did not provide sufficient safeguards of reliability under section 13–25–129(1)(a). The trial court's mere conclusory holding that the hearsay statements were not reliable is insufficient.

Accordingly, we make the rule to show cause absolute and remand for further proceedings consistent with this opinion. Since Jane is unavailable to testify under section 13–25–129, the trial court must determine whether her hearsay statements are reliable and therefore admissible under the statutory exception. The trial court should consider the factors which we have set forth in this opinion regarding the determination of reliability under section 13–25–129 in making findings.