Lanzinger, J.,
dissenting.
{¶ 39} Because Evid.R. 601 does not yet provide that children victimized by sexual abuse are presumed to be competent to testify, I would affirm the judgment of the court of appeals. In casting aside the need for a competence determination because of its interpretation of Evid.R. 807, the child-hearsay exception, the majority actually overrules State v. Said (1994), 71 Ohio St.3d 473, 644 N.E.2d 337. I respectfully dissent.
{¶ 40} The majority concludes that the text of Evid.R. 807 does not require a competence determination and opines that the Said court “sweepingly declared, without any authority, that ‘Evid.R. 807 clearly does not dispose of the need to *591 find a child competent.’ Id. at 476, 644 N.E.2d 337.” (Emphasis added.) Majority opinion at ¶ 15. However, this statement ignores the court’s reliance on Evid.R. 601 in Said.

Competence of a mtness is governed by Evid.R. 601

{¶ 41} While it is true that Evid.R. 807 does not address a child’s competence, Evid.R. 601(A) does address competence:
{¶ 42} “Every person is competent to be a witness except
{¶ 43} “(A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.” (Emphasis added.) This rule, therefore, presumes that children under ten are incompetent unless certain factors have been met.
{¶ 44} A trial court must conduct a voir dire examination of a child under ten years of age to determine the child’s competence to testify. In making this determination, the court must consider “(1) the child’s ability to receive accurate impressions of fact or to observe acts about which he or she will testify, (2) the child’s ability to recollect those impressions or observations, (3) the child’s ability to communicate what was observed, (4) the child’s understanding of truth and falsity, and (5) the child’s appreciation of his or her responsibility to be truthful.” State v. Frazier (1991), 61 Ohio St.3d 247, 251, 574 N.E.2d 483.
{¶ 45} Competence is an issue separate from any hearsay exception.

Ohio’s child hearsay exception rale is Evid.R. 807

{¶ 46} Evid.R. 807 was adopted, effective July 1, 1991, as a result of this court’s request to the Supreme Court Rules Advisory Committee and the General Assembly to address the special problems presented by the hearsay statements of children in abuse cases. State v. Boston (1989), 46 Ohio St.3d 108, 115, 545 N.E.2d 1220. Notably, however, Evid.R. 601 did not change.
{¶ 47} Evid.R. 807 obliges the trial court to find that the circumstances surrounding the making of the child’s statement make the statement “at least as reliable” as those admitted under Evid.R. 803 (availability of declarant immaterial) and 804 (declarant unavailable). The rule includes factors that should be considered when determining the reliability of the statement.
{¶ 48} Evid.R. 807(A) provides:
{¶ 49} “An out-of-court statement made by a child who is under twelve years of age at the time of trial or hearing describing any sexual act performed by, with, or on the child or describing any act of physical violence directed against the child is not excluded as hearsay under Evid.R. 802 if all of the following apply:
*592 {¶ 50} “(1) The court finds that the totality of the circumstances surrounding the making of the statement provides particularized guarantees of trustworthiness that make the statement at least as reliable as statements admitted pursuant to Evid.R. 803 and 804. The circumstances must establish that the child was particularly likely to be telling the truth when the statement was made and that the test of cross-examination would add little to the reliability of the statement. In making its determination of the reliability of the statement, the court shall consider all of the circumstances surrounding the making of the statement, including but not limited to spontaneity, the internal consistency of the statement, the mental state of the child, the child’s motive or lack of motive to fabricate, the child’s use of terminology unexpected of a child of similar age, the means by which the statement was elicited, and the lapse of time between the act and the statement. In making this determination, the court shall not consider whether there is independent proof of the sexual act or act of physical violence.”
{¶ 51} Evid.R. 807(A) also requires that the child’s testimony not be “reasonably obtainable by the proponent of the statement,” that there be independent proof of the sexual act or act of physical violence, and that the proponent notify all other parties of the content of the statement, the identity of the witness, and the circumstances surrounding the statement at least ten days before the trial or hearing. Evid.R. 807(A)(2) to (4). The remainder of the rule defines the phrase “not reasonably obtainable.” Evid.R. 807(B).
{¶ 52} Far from imposing a judicially created requirement onto the rule, the majority in Said explained how Evid.R. 807 does not dispose of the need to find a child competent, since competence is not the same issue as hearsay:
{¶ 53} “Competency under Evid.R. 601(A) contemplates several characteristics. * * * Those characteristics can be broken down into three elements. First, the individual must have the ability to receive accurate impressions of fact. Second, the individual must be able to accurately recollect those impressions. Third, the individual must be able to relate those impressions truthfully. See, generally, 2 Wigmore on Evidence (Chadbourn Rev.1979) 712-713, Section 506.
(¶ 54} “Out-of-court statements that fall within Evid.R. 807, like the other hearsay exceptions, possess a ‘circumstantial probability of trustworthiness.’ See 5 Wigmore, supra, at 253, Section 1422. In other words, under unique circumstances, we make a qualified assumption that the declarant related what she believed to be true at the time she made the statement. However, those same circumstances do not allow us to assume that the declarant accurately received and recollected the information contained in the statement. Whether she accurately received and recollected that information depends upon a different set of circumstances, those covering the time from when she received the information to when she related it. As a result, even though a statement falls within a hearsay *593 exception, two elements of the declarant’s competency remain at issue and must still be established. Thus, a trial court must find that a declarant under the age of ten was competent at the time she made the statement in order to admit that statement under Evid.R. 807.” (Emphasis sic and footnote omitted.) 71 Ohio St.3d at 476-477, 644 N.E.2d 337.
{¶ 55} This court’s rationale for requiring competence determinations shows that the principle established in Said was well grounded and was hardly made “without authority.”

Child-hearsay exceptions in other jurisdictions

{¶ 56} Other states have handled the concern over competence by statute, establishing that children under ten are competent if they are victims of certain offenses. See, e.g., Ala.Code 15-25-3(e) (“a child victim of a physical offense, sexual offense, or sexual exploitation, shall be considered a competent witness”); Conn.Gen.Stat.Ann. 54-86h (“any child who is a victim of assault, sexual assault or abuse shall be competent to testify without prior qualification”); Utah Code Ann. 76-5-410 (“A child victim of sexual abuse under the age of ten is a competent witness and shall be allowed to testify without prior qualification in any judicial proceeding. The trier of fact shall determine the weight and credibility of the testimony”); Mo.Ann.Stat. 491.060(2).
{¶ 57} Similarly, in federal courts, child victims are presumed competent to testify. Section 3509(c)(2), Title 18, U.S.Code. A court may conduct a competence examination of a proposed child witness only upon submission of a written motion by a party offering proof of incompetence and compelling reasons for the examination. Section 3509(c)(3) and (4), Title 18, U.S.Code.
{¶ 58} The majority cites cases from Washington and Colorado to bolster its conclusion that a competence determination is not needed in Ohio. State v. C.J. (2003), 148 Wash.2d 672, 63 P.3d 765; People v. Dist. Court of El Paso Cty. (Colo.1989), 776 P.2d 1083. But the law of both states differs from Ohio’s in significant ways. Unlike Evid.R. 601, the Washington competence statute does not directly create a presumption that children under ten are not competent. The Washington statute simply states that persons are incompetent if they “are of unsound mind, or intoxicated at the time of their production for examination,” and “appear incapable of receiving just impressions of the facts, respecting which they are examined, or of relating them truly.” Wash.Rev.Code 5.60.050. And Colorado specifically removes the presumption of a child victim’s incompetence in a civil or criminal proceeding for child abuse or a sexual offense if the child is “able to describe or relate in language appropriate for a child of that age the events or facts respecting which the child is examined.” Colo.Rev.Stat.Ann. 13-90 — 106(l)(b)(II).
*594 {¶ 59} Evid.R. 601, on the other hand, does not exempt any type of proceeding that involves children from the presumption of incompetence.

Changes to the competence mies are a matter for the Rules Committee

{¶ 60} The court of appeals followed Said’s mandate that “a trial court must find that a declarant under the age of ten was competent at the time she made the statement in order to admit that statement under Evid.R. 807.” 71 Ohio St.3d at 477, 644 N.E.2d 337. Appellant argues that Said should be overruled and that competence hearings should be abandoned when a child’s statement meets all of the requirements of Evid.R. 807 because the child victim’s statements are needed to prosecute sexual abuse cases and Evid.R. 807 guarantees the reliability of the statements.
{¶ 61} These are good policy arguments. But Evid.R. 601 still speaks of the presumed incompetence of a child under ten. The Ohio Rules of Evidence are designed to work together with the common law. “The principles of the common law of Ohio shall supplement the provisions of these rules, and the rules shall be construed to state the principles of the common law of Ohio unless the rule clearly indicates that a change is intended.” Evid.R. 102. Evid.R. 807 does not indicate an intent to disturb Evid.R. 601. Until Evid.R. 601 is modified, and the presumption is changed for cases of this type, competence is still an issue for the trial court to determine.
{¶ 62} I also disagree with the majority’s discussion of Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256. I would not apply the precedent-changing rules to criminal cases, because those rules were created in the context of substantive civil rather than criminal law. In addition, Evid.R. 807 is more than a mere procedural rule when it applies to criminal cases. A defendant’s right to confrontation is protected by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution (“In any trial, in any court, the party accused shall be allowed * * * to meet the witnesses face to face”). And as this court noted in State v. Muttart, “ ‘Evid.R. 807’s “totality of the circumstances” test is designed specifically with the Confrontation Clause requirements in mind. See Staff Notes to Evid.R. 807.’ ” 116 Ohio St.3d 5, 2007-Ohio-5267, 875 N.E.2d 944, ¶ 37, quoting State v. Dever (1992), 64 Ohio St.3d 401, 414, 596 N.E.2d 436.
{¶ 63} State v. Said, 71 Ohio St.3d 473, 644 N.E.2d 337, remains good law in Ohio. The General Assembly has provided a child-hearsay exception by approving changes to the Ohio Rules of Evidence offered by the Supreme Court’s Rules Committee. But until there is a presumption of competence for child witnesses *595 provided under Evid.R. 601, I would follow precedent. Therefore, I respectfully dissent.
Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and R. Lynn Nothstine and Carley J. Ingram, Assistant Prosecuting Attorneys, for appellant.
Michael T. Columbus and Frank Malocu, for appellee.
Timothy Young, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, urging affirmance for amicus curiae, Ohio Public Defender.
Pfeifer, J., concurs in the foregoing opinion.