The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

**Felix Paul HARMAN, Defendant–Appellant.**

No. 02CA1195.

Colorado Court of Appeals, Div. I.

March 11, 2004.

Certiorari Denied Aug. 16, 2004.

Ken Salazar, Attorney General, Roger G. Billotte, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge MARQUEZ.

Defendant, Felix Paul Harman, appeals the May 2002 order awarding restitution as part of his February 2001 conviction. We affirm.

In February 2001, defendant pleaded guilty to organized crime, and in April 2001 he was sentenced to twelve years in the Department of Corrections. At the sentencing hearing, the trial court granted the prosecutor ninety days in which to file a motion for restitution pursuant to statute. The People filed their motion for restitution on July 10, 2001, ninety-one days after the order of conviction entered. The motion requested restitution for two insurance companies and leave to file an additional motion for restitution for a third insurance company once its loss was ascertained.

In September 2001, the trial court held a hearing and denied the motion for restitution, ruling that it was untimely and, thus, the court was without jurisdiction to consider it. However, the People promptly filed a motion for reconsideration, which the court granted in March 2002. In May 2002, after a hearing, the court ordered defendant to pay restitution of $105,301.

## I.

Defendant contends that the trial court erred in granting the People's motion to reconsider its previous order holding that it no longer had jurisdiction to impose restitution. We disagree.

## A.

We are not persuaded by defendant's assertion that the court's order imposing restitution violated his rights under statutes requiring that restitution be determined within ninety days of the judgment of conviction.

In construing statutes, our primary task is to ascertain and give effect to the intent of the General Assembly. To do so, we must first look to the language of the statute itself. *People v. Lowe*, 60 P.3d 753 (Colo.App.2002). When the language of the statute is clear so that the General Assembly's intent can be discerned with reasonable certainty, there is no need to resort to other rules of statutory interpretation. *People v. Dist. Court*, 894 P.2d 739 (Colo.1995).

The Colorado restitution act, § 18–1.3–601, et seq., C.R.S.2003, states that it is to be "liberally construed" to accomplish its purposes. Section 18–1.3–601(2), C.R.S.2003. It also provides in pertinent part that:

(1) Every order of conviction of a felony ... shall include consideration of restitution. Each such order shall include one or more of the following:

(a) An order of a specific amount of restitution be paid by the defendant; [or]

(b) An order that the defendant is obligated to pay restitution, but that the specific amount of restitution shall be determined within the ninety days immediately following the order of conviction, *unless good cause is shown for extending the time period by which the restitution amount shall be determined* ....

(2) The court shall base its order for restitution upon information presented to the court by the prosecuting attorney, who shall compile such information through victim impact statements or other means to determine the amount of restitution and the identities of the victims. *Further, the prosecuting attorney shall present this information to the court prior to the order of conviction or within ninety days, if it is not available prior to the order of conviction. The court may extend this date if it finds*

that there are *extenuating circumstances affecting the prosecuting attorney's ability to determine restitution.*

Section 18–1.3–603(1)–(2), C.R.S.2003 (emphasis added)(formerly codified as § 16–18.5–103(1)–(2)).

Defendant appears to argue that because the restitution act states restitution "shall" be determined within ninety days unless good cause is shown, the court had no statutory authority to order restitution later, especially after the court denied the restitution motion as untimely and found the People had failed to establish good cause.

However, the restitution act does not provide that the ninety-day period is jurisdictional. Nor does defendant point to any statute or rule that deprives the court of jurisdiction to accept a late restitution motion or to vacate its previous order and find that good cause exists for a late determination. *Cf. People v. Moore,* 193 Colo. 81, 562 P.2d 749 (1977)(timely motion for new trial under Crim. P. 33 is not jurisdictional in the sense that without it the court would lack authority to adjudicate the subject matter); *People v. Chapman,* 192 Colo. 322, 557 P.2d 1211 (1977)(timely filing of brief not jurisdictional under Crim. P. 37; trial court had discretion to reinstate appeal and court's discretion to grant time extension was not limited to requests filed within the normal filing time).

The General Assembly set forth separate standards for accepting the late presentation of restitution information by the prosecutor and for the late determination of the restitution amount. *Compare* § 18–1.3–603(2) (court may extend time for prosecutor to provide information if extenuating circumstances exist) *with* § 18–1.3–603(1)(b) (time period for determining restitution may be extended if good cause is shown).

We decline to infer that the General Assembly intended the ninety-day deadline as a jurisdictional limit that would prevent the court from reconsidering the motion for restitution.

### B.

■ Nor do we agree with defendant's assertion that the court's imposition of restitution after reconsideration violates his rights to be free from double jeopardy under the United States and Colorado Constitutions.

■ The Double Jeopardy Clauses of the United States and Colorado Constitutions protect an accused from being twice punished for the same offense. U.S. Const. amends. V, XIV; Colo. Const. art. II, § 18. For this reason, a trial court is prohibited from increasing a legal sentence once it has been imposed and the defendant has begun serving it. *People v. Shepard,* 989 P.2d 183 (Colo.App.1999); *see Witte v. United States,* 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995).

■ An order increasing the amount of restitution has the effect of increasing the punishment originally imposed. Therefore, because restitution is a part of the criminal sentence, once a legal sentence is imposed and a defendant has begun serving it, an increase in the amount of restitution ordered also violates the constitutional prohibition against double jeopardy. *People v. McGraw,* 30 P.3d 835 (Colo.App.2001); *People v. Shepard, supra.* However, at the sentencing hearing, the trial court may, without violating double jeopardy principles, defer to a later hearing the determination of the amount of restitution to be imposed. *People v. McGraw, supra.*

Here, the restitution act allows the determination of restitution to be deferred. Section 18–1.3–603(1)(b). Restitution was not ordered, and judgment was not entered, until defendant had an opportunity to contest the matter of restitution in the May 2002 hearing.

Unlike in *Shepard,* restitution had not been set and subsequently increased. As in *McGraw,* the trial court granted the People a certain time in which to submit a restitution amount. Because we have already determined that the court had jurisdiction to reconsider the motion for restitution, and restitution was not set until defendant had an opportunity to contest it at a hearing, we cannot conclude that the trial court subjected defendant to double jeopardy.

## II.

Defendant next contends that even if the trial court could order restitution, it erred by finding that the People had established good cause. We disagree.

■ A trial court has broad discretion in determining the appropriate terms and conditions of restitution orders. Absent a gross abuse of discretion, the trial court's ruling will not be disturbed on appeal. *People v. Davalos,* 30 P.3d 841 (Colo.App.2001); *People v. Duvall,* 908 P.2d 1178 (Colo.App.1995).

Here, in its March 2002 order, the trial court listed three factors supporting its finding of good cause to extend the time to determine restitution under the statute: (1) the filing one day late was the result of the district attorney's erroneous calculation, (2) the restitution act should be liberally construed to provide full restitution for victims, and (3) the restitution amount for one of the three insurers could not be determined within the statutory ninety-day period.

■ Defendant asserts that the time required for the insurance company to dispose of property does not constitute good cause. We disagree.

■ As we discussed above, the restitution act contains standards both for the late provision of the restitution amount to the court by the prosecutor ("extenuating circumstances"), § 18–1.3–603(2), and for the late determination of the restitution amount ("good cause"), § 18–1.3–603(1)(b). Because neither party addresses the distinction, we do not determine whether "extenuating circumstances" are comparable to "good cause." However, a reasonable reading of the statute is that extenuating circumstances affecting the prosecutor's ability to calculate the amount of restitution may be a factor in finding good cause for the late determination.

Here, the People stated that some of the allegedly stolen property had been recovered, but they were waiting for the insurance company to sell it. While the record is not clear as to when certain tools were finally sold, the People provided the court with the final amount at the September 2001 hearing.

Defendant does not contest the People's assertion that restitution amounts from one insurance company were not available within the ninety-day deadline, and defendant provides no Colorado authority suggesting that the trial court abuses its discretion by waiting until restitution amounts are available. *Cf. State v. Blank,* 570 N.W.2d 924 (Iowa 1997)(holding that when restitution sums are not ascertainable at the time of sentencing, good cause exists to delay the restitution order); *State v. Blakley,* 555 N.W.2d 221 (Iowa 1996)(same).

Therefore, the time required to dispose of the property constituted good cause.

We disagree with defendant's assertion that no good cause existed to wait for the sale of the tools because the People failed to show (1) that the tools were the fruit of illegal activity and (2) that the insurance company had the right to sell them.

■ In determining the amount of restitution owing by a defendant, the trial court should consult the probation and presentence reports and consider any other evidence presented by the parties with respect to damages. *People v. Quinonez,* 735 P.2d 159 (Colo.1987); *People v. Carpenter,* 885 P.2d 334 (Colo.App.1994); *see* § 16–11–102, C.R.S. 2003 (presentence investigation procedures).

■ For purposes of review of an order to pay restitution, there must be proof that the defendant's conduct caused the victim's loss. A preponderance of the evidence is a sufficient and proper burden of persuasion in proceedings to establish restitution in criminal cases. *People v. Carpenter, supra.*

■ Here, the trial court stated that its findings as to the amount of restitution were based on the presentence report, information provided by the insurance companies, and defendant's plea agreement, in which he agreed that a factual basis existed to show that all three of his insurance claims were false. Defendant presented no evidence at the restitution hearing. On this record, the trial court did not err in finding that defendant's conduct caused the victims' losses.

Further, the cases defendant cites concerning the insurance company's authority to

sell the tools are not applicable here. Both cases address the government seizure of property that is subject to forfeiture as the fruit of criminal activity. *People v. Ward,* 685 P.2d 238 (Colo.App.1984); *People v. Buggs,* 631 P.2d 1200 (Colo.App.1981). Here, the trial court found that the tools were not the subject of forfeiture. Rather, the insurance company took title to the tools upon paying defendant's claim, and any mitigation of the restitution requested was a benefit to defendant.

Accordingly, the prosecution satisfied its burden with respect to good cause. In view of our disposition, we do not address defendant's remaining contentions.

The order is affirmed.

Judge TAUBMAN and Judge WEBB concur.