**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Gary JARAMILLO, Defendant–Appellant.**

No. 06CA0312.

Colorado Court of Appeals,
Div. V.

Jan. 10, 2008.

Rehearing Denied Feb. 14, 2008.

Certiorari Denied May 27, 2008.

John W. Suthers, Attorney General, Corina Gerety, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Leslie A. Goldstein, Attorney at Law, L.L.C., Steamboat Springs, Colorado, for Defendant–Appellant.

Opinion by Judge LOEB.

Defendant, Gary Jaramillo, appeals from the judgment of conviction entered upon a jury verdict finding him guilty of second degree assault-serious bodily injury. We affirm.

## I. Procedural Background and Facts

Defendant pushed his wife (the victim) onto a television stand and struck her face several times following a verbal altercation. The victim was ultimately taken to the hospital and was treated for injuries to her face. At trial, a nurse practitioner, who treated the victim at the hospital, testified that the victim suffered fractured cartilage in her nose.

The verbal altercation began with defendant and the victim arguing about what defendant claimed to have seen in family pictures. Defendant insisted that several family pictures contained threats, and the victim told him that she could not see what he saw. Also, according to her, defendant had falsely accused her of infidelity that morning and had been doing so for some time.

Defendant was charged with second degree assault. He admitted hitting the victim, but argued at trial that he did not intend to cause bodily injury and that she did not actually suffer serious bodily injury. After a trial to a jury, defendant was convicted of second degree assault. This appeal followed.

## II. Motion for Mistrial

Defendant contends the trial court erred by not granting his motion for a mistrial following his objection to the introduction of prior bad act evidence. We disagree.

A mistrial is a drastic remedy and is warranted only when prejudice to the accused is so substantial that its effect on the jury cannot be remedied by other means. *People v. Perea*, 126 P.3d 241, 246 (Colo.App. 2005). Absent an abuse of discretion, we will not disturb a trial court's decision to grant or deny a motion for a mistrial. *Id.*

At trial, the prosecutor asked the victim on direct examination to explain the circumstances surrounding the argument that led to the assault. As pertinent here, she testified that the argument had "been building," and that defendant had been accusing her of infidelity and was "always very angry and very accusative" of her during their marriage.

Defendant objected, arguing that this testimony was unresponsive. The court asked the prosecutor to narrow the scope of the question. The prosecutor then asked the victim to explain what she meant by "building up." The victim answered: "[T]he jealousy, the extreme jealousy, and the extreme possessiveness of me." Defendant objected again, this time arguing that the victim's testimony was "going to a prior bad" act for which defendant had not been given prior notice. On this basis, defendant requested a mistrial. The prosecutor briefly responded

that the victim's testimony was relevant to defendant's intent rather than a prior act and that the prosecution was entitled to explore "what was going on during the marriage."

The trial court overruled defendant's objection and denied his request for a mistrial. The court concluded the victim's testimony was admissible because it went to defendant's intent. The court further found that the victim had not referred to any specific prior bad acts, and it warned the prosecution not to inquire about specific prior acts or arguments between defendant and the victim. The prosecution then moved on to the details of the argument that led to the assault.

On appeal, defendant does not contend that the challenged testimony was irrelevant or inadmissible under CRE 404(b) as evidence of other acts. Rather, he only contends that the trial court abused its discretion when it denied his request for a mistrial because the admission of the victim's testimony regarding defendant's accusations of infidelity violated CRE 403. We are not persuaded.

■ Evidence of other acts that are part of the criminal episode or transaction with which the defendant is charged is res gestae evidence that is admissible to provide the fact finder with a full and complete understanding of the events surrounding the crime and the context in which the charged crime occurred. *People v. Quintana*, 882 P.2d 1366, 1373 (Colo.1994); *Perea*, 126 P.3d at 246.

Conversely, evidence of other acts that are independent from the charged offense is generally "not admissible to prove the character of a person in order to show that he acted in conformity" with the evidence of other acts. CRE 404(b); *see also Quintana*, 882 P.2d at 1373 n. 12.

■ Regardless of whether evidence of other acts is admissible as res gestae or for a permissible purpose under CRE 404(b), evidence of other acts may be excluded if it is irrelevant, CRE 402, or "its probative value is substantially outweighed by the danger of unfair prejudice." CRE 403; *see Quintana*, 882 P.2d at 1374 (applying CRE 403 to res gestae evidence); *People v. Spoto*, 795 P.2d 1314, 1320–21 (Colo.1990) (applying CRE 403 to evidence of other acts offered to show intent under CRE 404(b)). CRE 403 strongly favors the admission of material evidence, and a trial court has broad discretion in determining the admissibility of evidence. *People v. District Court*, 869 P.2d 1281, 1286 (Colo.1994).

■■ On review, we give the evidence the maximum probative value attributable by a reasonable fact finder and the minimum unfair prejudice to be reasonably expected. *People v. Gibbens*, 905 P.2d 604, 607 (Colo. 1995); *People v. Kenny*, 30 P.3d 734, 740 (Colo.App.2000). We will not disturb the trial court's evidentiary rulings on review absent a clear abuse of discretion. *See Quintana*, 882 P.2d at 1374; *District Court*, 869 P.2d at 1285.

We agree with the People's contention on appeal that, because the challenged testimony is part and parcel of the criminal episode for which defendant is charged, the evidence of defendant's jealousy and accusatory behavior was admissible as res gestae evidence. *See Quintana*, 882 P.2d at 1373 & n. 11 ("A party may defend the judgment of the trial court on any ground supported by the record whether or not the trial court relied on or considered the argument.").

The issue is thus whether the trial court abused its discretion by admitting this evidence in violation of CRE 403. The evidence challenged here was pertinent to the res gestae of the crime charged and was probative of defendant's intent. Nothing in the record indicates the jury relied on an improper basis for its decision. Giving the evidence the maximum probative value and the minimum unfair prejudice to be reasonably expected, we cannot say the trial court abused its discretion in admitting this testimony. *See District Court*, 869 P.2d at 1285; *Kenny*, 30 P.3d at 740.

Accordingly, we conclude the court did not abuse its discretion by denying defendant's motion for a mistrial. *See Perea*, 126 P.3d at 246.

### III. Hearsay

■ Defendant next contends the trial court erred by admitting the victim's hearsay statements through the testimony of the nurse practitioner. We discern no reversible error.

■ "Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment" are not excluded as hearsay. CRE 803(4). The rationale for this exception to the hearsay rule is that statements made to a physician are presumptively reliable because of a patient's belief that the effectiveness of the treatment he or she receives may depend largely upon the accuracy of the information provided to the physician. *People v. Galloway*, 726 P.2d 249, 252 (Colo.App.1986).

■ To ensure that evidence admitted under CRE 803(4) meets the rule's rationale, the court must determine (1) whether the declarant's motive is consistent with the purpose of the rule, and (2) whether it is reasonable for the physician to rely on the information in diagnosis or treatment. *People v. Stiles*, 692 P.2d 1124, 1127 (Colo.App.1984), *overruled in part by King v. People*, 785 P.2d 596, 599 n. 3 (Colo.1990).

Here, the prosecution called a nurse practitioner who treated the victim to testify about her injuries. As she began to testify that the victim stated that she had been involved in a domestic dispute, defendant objected on hearsay grounds. The trial court overruled the objection, apparently relying on the medical treatment exception to the hearsay rule. The witness then completed her answer, testifying that the victim "stated she had been involved in a domestic dispute with her significant other."

Defendant contends the type of dispute and the identity of the victim's assailant were irrelevant to both the victim's treatment and diagnosis and, therefore, the trial court erred by admitting the nurse practitioner's testimony under CRE 803(4).

We conclude the record does not indicate that the type of dispute or identity of the assailant was necessary for or pertinent to the nurse practitioner's diagnosis or treatment. Under these circumstances, we agree with defendant that the challenged statements were inadmissible hearsay. *See People v. Allee*, 77 P.3d 831, 835 (Colo.App.2003); *Galloway*, 726 P.2d at 253.

■ However, the record also shows the challenged statements were cumulative of testimony by the victim and an investigating officer. Defendant does not challenge the admissibility of this other testimony, nor did he do so at trial. Indeed, defendant never argued at trial that he was not the person who assaulted the victim or that the fight was not a result of a domestic dispute. We thus conclude that any error in the admission of the challenged statements was harmless. *See King*, 785 P.2d at 605; *Allee*, 77 P.3d at 835; *Galloway*, 726 P.2d at 253.

### IV. Right to Present a Defense

Defendant contends the trial court violated his right to present a defense by improperly precluding a portion of his cross-examination of the victim regarding his behavior preceding the assault. We disagree.

■ A criminal defendant has a fundamental right to present to a jury all relevant and admissible evidence that might influence the determination of guilt. *People v. Scearce*, 87 P.3d 228, 233 (Colo.App.2003). A criminal defendant also has the right to effective cross-examination of the witnesses against him or her. *Merritt v. People*, 842 P.2d 162, 165–66 (Colo.1992). However, the opportunity for effective cross-examination does not mean unlimited cross-examination. *Id.* at 166. "The scope and duration of cross-examination is under the control of the trial court subject to well-established rules." *Id.* The trial court must exercise its discretion to preclude inquiries that have no probative value, are irrelevant, or are prejudicial. *People v. Hanna*, 981 P.2d 627, 630 (Colo.App.1998); *see People v. Ibarra*, 849 P.2d 33, 38 (Colo. 1993) ("Trial courts are accorded considerable discretion in deciding questions concerning the admissibility of evidence . . . .").

Prior to trial, the trial court entertained argument regarding possible testimony concerning defendant's suspected hallucinations and paranoia over threats he may have believed were hidden in family pictures. The prosecution argued that defendant's strange behavior could be presented as res gestae evidence, but the jury should be prohibited from considering whether defendant was capable of forming the necessary intent for the crime charged. Defendant agreed that the behavior was res gestae evidence and assured the court that he would not argue "that he couldn't form the requisite intent, or had a diminished capacity."

On direct examination, the victim testified that defendant claimed to have seen offensive or shocking things in family pictures. She further testified that when she told defendant that he was crazy, he grew angry and a fight ensued.

On cross-examination, counsel for defendant asked the victim about defendant's strange behavior. Specifically, counsel asked her about the "weird things" defendant was seeing in the pictures, as well as threats. Counsel also asked her about strange text messages defendant claimed to have been receiving. The victim testified that defendant had behaved this way for a few months. When counsel sought to ask the victim whether she had taken defendant to see a doctor, the prosecution objected. The trial court sustained the objection, ruling that defendant's line of questioning had become irrelevant.

We reject defendant's contention that the trial court's ruling violated his right to present a defense through effective cross-examination. Defendant does not contend on appeal that he was precluded from attacking or addressing the victim's credibility. The record shows that defendant's counsel was allowed to address defendant's odd behavior on cross-examination of the victim to the same extent it was addressed by the prosecution on direct examination. Because defendant specifically told the court that he was not arguing lack of mental capacity, we cannot say the court abused its discretion when it ruled that specific details of how the victim reacted to his strange behavior at times independent of the criminal episode were irrelevant. Defendant's opportunity for effective cross-examination was not unlimited, *see Merritt,* 842 P.2d at 166, and we perceive no abuse of discretion in the court's decision to limit the scope of defendant's cross-examination of the victim. *See Ibarra,* 849 P.2d at 38.

## V. Sufficiency of the Evidence

Defendant contends the trial court erred by denying his motion for a judgment of acquittal at the close of trial. Specifically, defendant argues, as he did in his motion, that the prosecution failed to present sufficient evidence of the serious bodily injury element of second degree assault because it only presented evidence of fractured cartilage in the victim's nose rather than fractured bone. We disagree.

When the sufficiency of the evidence is challenged on appeal, the reviewing court must determine whether any rational trier of fact might accept the evidence, taken as a whole and in the light most favorable to the prosecution, as sufficient to support a finding of guilt beyond a reasonable doubt. *People v. Sprouse,* 983 P.2d 771, 777 (Colo.1999); *Kogan v. People,* 756 P.2d 945, 950 (Colo. 1988).

The prosecution must be given the benefit of every reasonable inference which might be fairly drawn from the evidence. Further, the determination of the credibility of the witnesses is solely within the province of the fact finder, and it is the fact finder's function in a criminal case to consider and determine what weight should be given to all parts of the evidence and to resolve conflicts, testimonial inconsistencies, and disputes in the evidence. An appellate court is not permitted to act as a thirteenth juror and set aside a verdict because it might have drawn a different conclusion had it been the trier of fact. *See Kogan,* 756 P.2d at 950; *People v. Martinez,* 36 P.3d 154, 163 (Colo.App.2001).

A person commits the crime of second degree assault if, "[w]ith intent to cause bodily injury to another person, he causes serious bodily injury to that person or another." § 18–3–203(1)(g), C.R.S.2007. As pertinent

here, "serious bodily injury" "means bodily injury which, either at the time of the actual injury or at a later time, involves . . . breaks [or] fractures." § 18–1–901(3)(p), C.R.S.2007.

Here, the record established that the victim suffered fractured cartilage in her nose. Defendant contends evidence of fractured cartilage is not sufficient to establish serious bodily injury as defined in section 18–1–901(3)(p). Specifically, he argues that "fractures," as used in that section, are limited to bone fractures. The People contend that "fractures" include cartilage fractures and that, accordingly, the prosecution introduced sufficient evidence upon which a jury could find the victim suffered serious bodily injury. This is an issue of first impression, which requires us to decide whether the term "fractures," as used in section 18–1–901(3)(p), includes cartilage fractures. We conclude that it does.

Statutory interpretation is a question of law that we review de novo. *Bostelman v. People,* 162 P.3d 686, 689 (Colo.2007).

In construing a statute, our primary purpose is to ascertain and give effect to the intent of the General Assembly. *People v. Weiss,* 133 P.3d 1180, 1184 (Colo.2006). We look first to the language of the statute itself, giving words and phrases their plain and ordinary meaning. *Vigil v. Franklin,* 103 P.3d 322, 327 (Colo.2004). We read words and phrases in context, and construe them according to their common usage. *Bostelman,* 162 P.3d at 690; *Klinger v. Adams County Sch. Dist. No. 50,* 130 P.3d 1027, 1031 (Colo.2006). Finally, we "respect the legislature's choice of language," *Turbyne v. People,* 151 P.3d 563, 568 (Colo.2007), and "do not add words to the statute or subtract words from it." *Id.* at 567.

"Fractures" is not statutorily defined in the Colorado Criminal Code. However, it is a term of common usage, and people of ordinary intelligence need not guess at its meaning. We therefore begin with the dictionary definition in determining the plain and ordinary meaning of "fractures." *See People v. Janousek,* 871 P.2d 1189, 1196 (Colo.1994); *see also People v. Becker,* 759 P.2d 26, 31 (Colo.1988). *Webster's Third New International Dictionary* 901 (1986) specifically de-

fines "fracture" as follows: "the breaking of hard tissue (as a bone, tooth, or cartilage)."

Thus, because the common definition of "fracture" includes the fracture of cartilage as well as the fracture of bone, defendant's interpretation would improperly read "bone," as a qualifier of "fractures," into the statutory definition of serious bodily injury. Defendant's definition thus narrows the ordinary and plain meaning of "fractures" and, contrary to rules of statutory construction, fails to respect the General Assembly's choice of language by adding the word "bone" to section 18–1–901(3)(p). *See Turbyne,* 151 P.3d at 567–68.

We also find it instructive that, in contrast to the plain language of section 18–1–901(3)(p), the General Assembly, in other statutory definitions, has specifically used the term "bone fractures." *See* § 19–1–103(1)(a)(I), C.R.S.2007 (defining "abuse" or "child abuse or neglect" as "[a]ny case in which a child exhibits evidence of . . . fracture of any bone"); § 26–3.1–101(4)(a)(I), C.R.S.2007 ("bone fractures" used in definition of "mistreatment" of at-risk adults). Had the General Assembly intended to restrict serious bodily injury to "bone fractures" in section 18–1–901(3)(p), it clearly knew how to do so, and we must respect the General Assembly's choice of language. *See Turbyne,* 151 P.3d at 568; *Pueblo Bancorporation v. Lindoe, Inc.,* 63 P.3d 353, 362 (Colo. 2003); *People v. Quinonez,* 735 P.2d 159, 164 (Colo.1987).

We conclude that the General Assembly intended the term "fractures," as used in section 18–1–901(3)(p), to carry its common and ordinary meaning of "the breaking of hard tissue (as a bone, tooth, or cartilage)." We thus agree with the People that "fractures" include fractured cartilage under the definition of serious bodily injury.

Here, the prosecution presented uncontradicted evidence from which a jury could conclude the victim suffered fractured nose cartilage. Accordingly, we conclude the prosecution presented evidence that any rational trier of fact might accept, taken as a whole and in the light most favorable to the prosecution, as sufficient to support a find-

ing that the victim suffered serious bodily injury beyond a reasonable doubt. *See Sprouse*, 983 P.2d at 777; *Kogan*, 756 P.2d at 950. Thus, the trial court did not err in denying defendant's motion for judgment of acquittal.

The judgment is affirmed.

Judge GRAHAM and Judge ROMÁN concur.