2012 COA 59

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Robert James TURECEK, Jr., Defendant–Appellant.**

**No. 10CA0993.**

Colorado Court of Appeals, Div. III.

April 12, 2012.

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2011.

74 

John W. Suthers, Attorney General, Emmy A. Langley, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Mark Evans, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge GABRIEL.

¶ 1 Defendant, Robert James Turecek, Jr., appeals the district court's orders concluding that it had statutory authority to determine the question of restitution and imposing restitution on him after he pleaded guilty to fourth degree arson. Because the specific amount of restitution was not determined within the ninety days immediately following the order of conviction, and because the People failed to establish (or even attempt to establish) good cause to extend that time period, we reverse.

## I. Background

¶ 2 Turecek was charged with first and fourth degree arson for setting fire to his house. He ultimately pleaded guilty to fourth degree arson, and the parties stipulated in the plea agreement to a sentence of supervised probation and further agreed that restitution and costs of prosecution would be as ordered by the court.

¶ 3 In September 2008, the prosecution filed a notice of restitution that contained, among other things, an estimate of losses sustained by the company that insured Turecek's house (the insurer). In October 2008, the district court conducted a sentencing hearing. At this hearing, the prosecutor stated that he had filed the restitution notice based on what he had received from the insurer and that the amount was the insurer's "estimate." An unidentified speaker, apparently a representative of the insurer, then informed the court that the insurer had not made a final coverage decision for the claim because it had not had access to Turecek while his criminal case was pending. The

speaker stated that he thought the insurer could "easily" get the final figures within ninety days.

¶ 4 In light of the foregoing, the court observed that the notice that it had received appeared "not to be accurate at this point," because the claim was in "investigation mode." The court, however, gave the prosecution ninety days to file a notice of restitution, noting that if additional time was required, the prosecution would need to seek an extension, explaining the reasons why an extension was required. The court further stated that it would not "take action on" the notice that had previously been filed, and it specifically stated, "I'm expecting an amended notice of restitution."

¶ 5 Approximately nine months later, having filed nothing regarding restitution in the interim, the prosecution filed a motion asking the court to rule on the original notice of restitution, notwithstanding the district court's express statements that it did not view the original notice as accurate, would not take action on that notice, and was expecting an amended notice. In this motion, the prosecution did not explain why it had disregarded the court's order to file an amended notice within ninety days or to file a motion for an extension of time if more time were needed. Nor did the prosecution explain its lengthy delay in filing its motion or make any effort to show good cause for the delay.

¶ 6 Notwithstanding the foregoing, the court, acting through a different judge, initially approved the requested amount without a hearing. Turecek, however, objected and requested a hearing. The court set a status conference and noted that it would set a hearing if the parties were unable to reach agreement as to restitution. A series of filings ensued in which the parties argued, among other things, whether the court had the authority (or jurisdiction) to enter a restitution order, notwithstanding the prosecution's untimely filing. Ultimately, the district court found that it "ha[d] not lost jurisdiction over the issue of restitution" and conducted a hearing to determine the proper

amount. The court then ordered Turecek to pay $161,815.20 in restitution to the insurer.

¶ 7 Turecek now appeals.

## II. Discussion

¶ 8 Turecek contends that the district court erred in ordering restitution because the statutorily imposed ninety-day time limit had passed, and the prosecution had failed to establish good cause for its belated effort to have the court set the amount of restitution. We agree.

¶ 9 Statutory interpretation is a question of law that we review de novo. *People v. Jaramillo,* 183 P.3d 665, 671 (Colo.App.2008). Our primary purpose in statutory interpretation is to ascertain and give effect to the intent of the General Assembly. *Id.* We first look to the language of the statute, giving words and phrases their plain and ordinary meaning. *Id.* We read words and phrases in context and construe them according to their common usage. *Id.*

¶ 10 In addition, we must interpret a statute in a way that best effectuates the purpose of the legislative scheme. *Moffett v. Life Care Centers,* 187 P.3d 1140, 1143 (Colo. App.2008), *aff'd,* 219 P.3d 1068 (Colo.2009). When a court construes a statute, it should read and consider the statute as a whole and interpret it in a manner giving consistent, harmonious, and sensible effect to all of its parts. *Id.* In doing so, a court should not interpret the statute so as to render any part of it either meaningless or absurd. *Id.* at 1144.

¶ 11 If the statute is unambiguous, we look no further. *Id.* If a statute is ambiguous, however, then we may consider prior law, legislative history, the consequences of a given construction, and the underlying purpose or policy of the statute. *Id.*

¶ 12 Section 18–1.3–603(1), C.R.S.2011, requires that "[e]very order of conviction of a felony ... shall include consideration of restitution." As pertinent here, if the court determines that the defendant is obligated to pay restitution, and if a specific amount was not set at the time restitution was ordered, then "the specific amount of restitution shall be determined within the ninety days imme-

diately following the order of conviction, unless good cause is shown for extending the time period by which the restitution amount shall be determined." § 18–1.3–603(1)(b), C.R.S.2011.

¶ 13 In our view, the foregoing language is clear and unambiguous. It mandates the determination of the specific amount of restitution within ninety days of the order of conviction and provides an exception only if good cause to extend that time period is shown.

¶ 14 Here, it is undisputed that the prosecution was required to act within ninety days but failed to do so. It is also undisputed, as the court itself found, that the prosecution "did not request [that the] court find good cause to extend the time period by which the final restitution amount should be determined." Rather, the prosecution chose to rely on its original notice, notwithstanding the court's earlier statements that it would not "take action on" that notice and that it was expecting an amended notice.

¶ 15 In these circumstances, where the General Assembly has clearly and unequivocally spoken, we must apply the statute as written. Accordingly, we hold that the district court erred in imposing restitution where the amount was not determined within ninety days following the order of conviction and where the prosecution failed to establish (or even seek to establish) good cause for extending that time period.

¶ 16 Notwithstanding the foregoing, the prosecution contends that the restitution award should be affirmed because (1) Turecek had actual notice that restitution would be imposed; (2) the prosecution timely filed its initial notice, and Turecek never objected to it; (3) the ninety-day deadline was not jurisdictional, and the court properly awarded restitution under *People v. Harman,* 97 P.3d 290 (Colo.App.2004), and *Dolan v. United States,* —— U.S. ——, 130 S.Ct. 2533, 177 L.Ed.2d 108 (2010); (4) this court can find that extenuating circumstances existed; (5) any error was harmless because Turecek had an opportunity to contest the restitution award; and (6) any violation here was de minimis and should not defeat the legislative

intent to make crime victims whole. We reject each of these arguments in turn.

¶ 17 First, although it is undisputed that Turecek was on notice that restitution was to be awarded, the same could be said of any convicted felon, because section 18–1.3–603(1) requires that every order of conviction of a felony include consideration of restitution.

¶ 18 Second, the prosecution's argument that its initial notice was timely ignores the facts that (1) the prosecutor told the district court that the amount indicated in that notice was an "estimate," and (2) a representative of the insurer stated that no final coverage decision had been made as of the time the initial notice was submitted. The prosecution's argument further ignores the fact that the district court made clear, based on the above-described facts, that it would not "take action on" the initial notice and that it was expecting an amended notice. In these circumstances, there was no reason for Turecek to object to the substance of the initial notice, because it was, in effect, a nullity.

¶ 19 Third, both *Harman* and *Dolan* are distinguishable. In *Harman,* 97 P.3d at 293, a division of this court rejected the defendant's argument that the district court lacked jurisdiction to award restitution, where the prosecution filed the motion for restitution one day late. The court noted that the statute itself provides for extensions of time beyond the ninety-day deadline, and thus concluded that that deadline was not jurisdictional. *Id.* The division then proceeded to reject the defendant's argument that even if the court had jurisdiction, the prosecution had failed to show good cause for filing one day late. *Id.* at 294. There, the district court had listed three factors supporting its express finding of good cause, and the division affirmed those findings. *Id.* at 294–95.

¶ 20 Here, unlike in *Harman,* we do not perceive the issue presented to be one of the district court's jurisdiction. Rather, the question is whether the district court erred as a matter of law in awarding restitution under the circumstances presented. *See Dolan,* —— U.S. at ——, 130 S.Ct. at 2547 (Roberts, C.J., dissenting) ("To say that a court lacks authority to order belated restitu-

tion does not use 'authority' in a jurisdictional sense, but only in the same sense in which a court lacks 'authority' to impose a sentence above the statutory maximum. Such action is an error of law, reversible on appeal, but it is not jurisdictional.") (citation omitted). Moreover, unlike in *Harman*, the district court here made no finding that the prosecution had established good cause for the belated filing. Indeed, as the court expressly noted, the prosecution did not even ask the court to make such a finding.

¶ 21 In *Dolan*, the Supreme Court construed the federal Mandatory Victims Restitution Act, 18 U.S.C. § 3664(d)(5), and not Colorado's restitution statute, and those two statutes, though similar in several respects, are not identical. Moreover, we perceive the following comments made by Chief Justice Roberts (joined by Justices Stevens, Scalia, and Kennedy) in his dissent to be persuasive when applied to the People's argument in this case (for clarity, we have changed Chief Justice Roberts' references to "the Court" to "the People"):

- "Under the [People's] view [that the district court could award restitution notwithstanding the violation of the ninety-day deadline], failing to meet the 90–day deadline has no consequence whatever." *Dolan*, —— U.S. at ——, 130 S.Ct. at 2544–45 (Roberts, C.J., dissenting).

- "The [People read] the statute as if it said 'the [district] court shall set a date for the final determination of the victim's losses, *at any time* after sentencing.'" *Id.* at ——, 130 S.Ct. at 2545 (Roberts, C.J., dissenting).

- "It is up to [the legislature] to balance the competing interests in recovery and finality. Where—as here—it has done so clearly, the 'judicial inquiry is complete.'" *Id.* at ——, 130 S.Ct. at 2549 (Roberts, C.J., dissenting) (quoting *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 462 [122 S.Ct. 941, 151 L.Ed.2d 908] (2002)).

■ ¶ 22 Fourth, with respect to the People's argument that the record establishes extenuating circumstances, we note that the People did not make this argument in the district court, choosing instead to argue that their filing was timely. In any event, we are not persuaded that the record establishes any such extenuating circumstances. The People now argue that although the insurer had determined the final amount almost two months before the prosecution filed its untimely motion, the insurer did not provide that information to the prosecution until forty-seven days later, and approximately one week before the prosecution filed its motion. The record does not reflect, however, nor do the People explain, why it took the insurer nine months to provide the allegedly necessary information to the prosecution, particularly given the insurer's initial statement that it could "easily" file a final statement as to the amount within ninety days of the sentencing hearing and the court's order setting a ninety-day deadline.

■ ¶ 23 Fifth, the People's harmless error argument, like its actual notice argument, fails, because such an argument could potentially apply in any case in which the prosecution fails to comply with the statutory deadline. Specifically, a defendant would presumably always be given a chance to respond to the prosecution's filing. To conclude that such an opportunity would render harmless the prosecution's failure to comply with the deadlines set forth by the General Assembly in the restitution statute would render those deadlines meaningless, and we cannot adopt such an interpretation. *Moffett*, 187 P.3d at 1144.

¶ 24 Finally, in focusing on the General Assembly's intent to award restitution to crime victims, the People ignore the General Assembly's further clear and unequivocal intent that the amount of restitution be fixed within ninety days, absent a showing of good cause warranting an extension of that deadline. Again, to allow the former to control the latter would render the latter meaningless, which we cannot do. *See id.* Moreover, adopting the People's argument would lead to absurd results, because, on the People's theory, they would be entitled to a restitution award even if they sought to fix the restitution amount many years after the order of conviction, regardless of whether they attempted to show good cause for the delay. Because we must construe statutes to avoid

absurd results, *id.,* we reject the People's argument.

¶ 25 Although we are not unsympathetic to the argument that denying restitution here would be an unfortunate result for the victim of Turecek's crime, we cannot allow a desirable outcome—or the General Assembly's broad goal of making crime victims whole—to supersede the specific, clear, and unequivocal language of the restitution statute, or the rule of law in general. Accordingly, we conclude that the district court erred in awarding restitution after the ninety-day deadline and with no showing by the prosecution of (or even any attempt to show) good cause to extend that deadline.

¶ 26 In light of this disposition, we need not address the other arguments that Turecek has raised on appeal.

### III. Conclusion

¶ 27 For these reasons, the orders are reversed.

Judge ROY and Judge TERRY concur.