The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader.  The summaries may not be cited or relied upon as they are not the official language of the division.  Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
May 2, 2019

## 2019COA62

**No. 16CA0446, *People v. Perez* — Criminal Law — Sentencing — Restitution**

A division of the court of appeals considers whether the trial court erred in ordering restitution more than ninety-one days after sentencing and what, if any, explicit findings the trial court must make to do so.  The division concludes that, based on the facts of this case, the lack of explicit findings was not plain error.  The special concurrence explains why this case illustrates what appears to the author to be a pattern of inattentiveness by the prosecution, defense counsel, and trial courts regarding the procedures established in the restitution statutes.  It also points out two ambiguities in those statutes that the General Assembly may wish to address.

COLORADO COURT OF APPEALS                                    2019COA62

Court of Appeals No. 16CA0446
Adams County District Court No. 12CR1963
Honorable Robert W. Kiesnowski, Jr., Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Rafael Perez,

Defendant-Appellant.

ORDER AFFIRMED

Division I
Opinion by JUDGE TOW
Berger, J., concurs
Taubman, J., specially concurs

Announced May 2, 2019

Philip J. Weiser, Attorney General, Marixa Frias, Assistant Attorney General,
Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Jeffrey Svehla, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Rafael Perez, appeals the trial court's order of restitution. We affirm.

## I.    Background

¶ 2    In June 2012, Perez hosted a wedding at his ranch. An argument ensued among some of the wedding guests. "A bunch of guys" started kicking one of the wedding guests, Jose Rodriguez, and then Perez broke a beer bottle on his face. Rodriguez had to be transported to the hospital via helicopter for medical treatment.

¶ 3    Perez was charged with and convicted of second degree assault with a deadly weapon. On December 2, 2013, the trial court sentenced Perez to five years in the custody of the Department of Corrections. A division of this court affirmed his conviction. *People v. Perez*, (Colo. App. No. 14CA0326, Mar. 2, 2017) (not published pursuant to C.A.R. 35(e)).

¶ 4    At sentencing, the trial court reserved a determination of restitution for ninety days. On March 6, 2014, ninety-four days after the order of conviction, the prosecution moved for an extension of time to request restitution. In its motion, the prosecution cited extensive and complex medical bills, a lost wages form received from the victim the previous day, and "substantial

1

and possible ongoing medical claims from Crime Victim Compensation" as reasons for a requested extension. Perez did not object to this request, and the trial court granted the motion.

¶ 5    The prosecution filed its motion to impose restitution with supporting documentation on May 12, 2014. The trial court then held multiple hearings on the issue of restitution. At a restitution hearing in January 2015, the trial court determined that an in camera review of the records of the Crime Victim Compensation Board (CVCB) was necessary to address Perez's proximate causation concerns.

¶ 6    After the trial court conducted an in camera review of the CVCB's records, the trial court issued an order of restitution on March 16, 2015, finding that proximate cause had been established and ordering restitution in the amount of $17,060 to be paid to the CVCB. It also ordered restitution in the amount of $2546 to be paid to Rodriguez for lost wages.

## II.    Analysis

¶ 7    Perez now appeals the restitution order on procedural and substantive grounds.

## A.    Standard of Review

¶ 8    Generally, a trial court has broad discretion to determine a restitution order's terms and conditions. *People v. Rivera*, 250 P.3d 1272, 1274 (Colo. App. 2010). We will reverse only if the trial court abused its discretion. *Id.* An abuse of discretion occurs when the trial court's decision is manifestly arbitrary, unreasonable, or unfair, or the court misinterprets or misapplies the law. *See People v. Henson*, 2013 COA 36, ¶ 9. To the extent this appeal requires us to consider the trial court's interpretation of the restitution statutes, we review such legal issues de novo. *People v. Ortiz*, 2016 COA 58, ¶ 15.

## B.    Good Cause and Extenuating Circumstances

¶ 9    Perez first argues that the trial court erred in ordering restitution more than ninety-one days after sentencing absent a showing of good cause. Perez also argues that the trial court failed to find extenuating circumstances for granting the prosecution additional time to provide the information necessary to determine restitution. We discern no reversible error.

## 1. Preservation

¶ 10    Perez contends that this issue was preserved. In support, he cites to *People v. Melendez*, 102 P.3d 315 (Colo. 2004), as providing that preservation only requires an opportunity for the trial court to make findings and draw conclusions related to the relevant issue. The People disagree and argue that Perez failed to preserve this challenge to the restitution order. We agree with the People.

¶ 11    Before the trial court, Perez raised two challenges regarding restitution. First, he argued there was insufficient evidence that he, as opposed to the other assailants, caused the damages. He also objected to not having been provided access to the CVCB records. Yet, Perez never challenged either the People's motion requesting more time to submit restitution information or the order granting that request and never objected that there was no showing of good cause or finding of extenuating circumstances affecting the prosecution's ability to determine restitution. As a result, the trial court was denied the opportunity to make findings and draw conclusions on this particular issue. Consequently, Perez's claim is not preserved.

¶ 12    That being said, we reject the People's argument that Perez waived this claim. Waiver is the "intentional relinquishment of a known right or privilege." *People v. Rediger*, 2018 CO 32, ¶ 39 (quoting *Dep't of Health v. Donahue*, 690 P.2d 243, 247 (Colo. 1984)). Perez did not intentionally relinquish or abandon his claim on appeal simply by failing to raise this claim while contesting other aspects of the restitution order. *See id.* at ¶ 40 ("The requirement of an intentional relinquishment of a known right or privilege . . . distinguishes a waiver from a forfeiture, which is 'the failure to make the timely assertion of a right.'" (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993))). Because Perez's claim is not waived, we address the merits.

¶ 13    We review unpreserved claims for plain error. *Id.* To be plain, an error must be obvious and substantial. *Hagos v. People*, 2012 CO 63, ¶ 14. Reversal is required under this standard only if the error "so undermines the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction." *Hagos*, ¶ 22; *see also People v. Tillery*, 231 P.3d 36, 48 (Colo. App. 2009) (applying the plain error standard to sentencing), *aff'd sub nom. People v. Simon*, 266 P.3d 1099 (Colo. 2011).

## 2. Applicable Law

¶ 14 Every order of conviction for a felony "shall include consideration of restitution." § 18-1.3-603(1), C.R.S. 2018. If the court reserves the determination of restitution, as it is authorized to do, restitution is to be fixed within ninety-one days after the order of conviction, unless good cause is shown for extending that time. § 18-1.3-603(1)(b). The court must base its restitution order on information presented by the prosecution. § 18-1.3-603(2). The prosecution "shall present this information to the court prior to the order of conviction or within ninety-one days, if it is not available prior to the order of conviction." *Id.* The court may extend this deadline "if it finds that there are extenuating circumstances affecting the [prosecution's] ability to determine restitution." *Id.* Importantly, the time limits in section 18-1.3-603 are not jurisdictional. *People v. Harman*, 97 P.3d 290, 293 (Colo. App. 2004).

## 3. Application

¶ 15 The question here is whether the trial court erred in awarding restitution under the circumstances presented. Because restitution was ultimately awarded more than ninety-one days after the order

of conviction, a showing of good cause was required. § 18-1.3-603(1)(b).

¶ 16    Although the trial court granted the prosecution's motion for extension of time to request restitution, the trial court did not formally find that good cause existed. However, the statute does not require such an explicit finding. *People v. Knoeppchen*, 2019 COA 34, ¶ 25. On the other hand, the statute explicitly requires the trial court to "find[] that there are extenuating circumstances" in order to grant the prosecution more time to gather and submit the required documentation. *See* § 18-1.3-603(2). Because the court made no such finding explicitly, the court erred.[1]

¶ 17    However, because the error is not substantial, this case is distinguishable from *People v. Turecek*, 2012 COA 59, and reversal is not warranted. In *Turecek*, the trial court gave the prosecution

---

[1] We acknowledge that there are circumstances in which an appellate court may infer that a trial court made a necessary finding. *See, e.g., People v. Kyles*, 991 P.2d 810, 819 (Colo. 1999) (inferring that the trial court made credibility findings during its analysis of a postconviction challenge to the voluntariness of a plea). Here, however, we opt not to draw such an inference, since neither the request nor the proposed order submitted by the prosecution references the statute or the extenuating circumstances standard.

7

ninety days to file a notice of restitution. *Id.* at ¶ 4. Instead, approximately nine months later, the prosecution filed a motion to impose restitution without explaining its delay or showing good cause for the delay. *Id.* at ¶ 5. The trial court then ordered the defendant to pay restitution without a finding of good cause. *Id.* at ¶ 6.

¶ 18    Here, in contrast, the prosecution requested an extension of time to request restitution and provided reasons supporting that request. Although the trial court did not make an explicit finding of extenuating circumstances, the prosecution's request cited extensive and complex medical bills, a lost wages form received from the victim the previous day, and "substantial and possible ongoing medical claims from Crime Victim Compensation" as reasons for a requested extension. These assertions were sufficient for a finding of extenuating circumstances to have been made. Therefore, the trial court's failure to make such an explicit finding was not a substantial error because it does not cast serious doubt on the reliability of the restitution order.

¶ 19    Perez argues that the prosecution's basis for seeking more time was unpersuasive, given that all the documentation predated

sentencing, and so no extenuating circumstances could have existed. However, because Perez failed to raise this issue before the trial court, there is no record that establishes when the prosecution received the documentation. Thus, again, the reliability of the judgment is not undermined.

### C. Disclosure of CVCB Records

¶ 20 Perez also argues that the trial court erred in relying on, but not fully disclosing, otherwise confidential CVCB records in determining proximate cause for the purpose of restitution. We disagree.

### 1. Preservation

¶ 21 Perez contends that this issue was preserved by requests made for documents related to the CVCB's payments to the victim. The People disagree. We agree with Perez that this issue was preserved.

### 2.  Applicable Law

¶ 22    A compensation board's records relating to a crime victim's claims are confidential.  § 24-4.1-107.5(2), C.R.S. 2014.[2]  "Any such materials shall not be discoverable unless the court conducts an in camera review of the materials sought to be discovered and determines that the materials sought are necessary for the resolution of an issue then pending before the court."  *Id.*

### 3.  Application

¶ 23    In accordance with section 24-4.1-107.5(3), Perez asserted that the CVCB records were necessary for the resolution of an issue pending before the trial court, that he was not the proximate cause of some of the victim's injuries because "several people were kicking the victim in an assault," and that this issue warranted an in camera review of the CVCB's records by the trial court.  The trial court then "reviewed in camera the victim's compensation program's file and all non-privileged billing information was provided to defense counsel."

---

[2] This section of the crime victim compensation act was amended in its entirety, effective March 30, 2015.  The prior version is applicable here.

10

¶ 24    Perez now asserts that the trial court erred in "not disclosing to Perez *all* materials related to the CVCB's payment to the victim." (Emphasis added.)  However, Perez's argument is contrary to what was required under the statute at the time.  The statute provided that confidential information contained within the file was discoverable if it was necessary to resolve an issue pending before the court.  *Id.*  Yet, nothing in the statute suggested that this exception abrogated other established privileges that had attached to the information.  *See People v. Turley*, 870 P.2d 498, 502 (Colo. App. 1993) (finding that no exception to the physician-patient privilege exists in Colorado).  Here, the court stated in its order that it provided defense counsel with all non-privileged information from the CVCB's records.  Because the statute in effect at the time did not require that the trial court disclose otherwise privileged information to the defendant in violation of the victim's privilege rights,[3] we perceive no error.

_____

[3] The statute as amended in 2015 clarifies that the court may not release information contained in the records if it will violate privilege.  § 24-4.1-107.5, C.R.S. 2018.

## D. Due Process Violation

¶ 25    Lastly, Perez argues that the trial court's failure to disclose confidential information from the CVCB's records violated his right to due process.  We disagree.

### 1. Preservation

¶ 26    Perez also contends that this issue was preserved.  The People disagree and argue that Perez failed to preserve this challenge to the restitution order.  Perez never invoked the protections of due process in his arguments in the trial court.  Therefore, we review this claim for plain error.  *Rediger*, ¶ 40.

### 2. Applicable Law

¶ 27    Due process is satisfied in a restitution hearing when the defendant receives notice of the factual basis for the order and an opportunity to contest that basis.  *United States v. Battles*, 745 F.3d 436, 461 (10th Cir. 2014); *see also Rivera*, 250 P.3d at 1275 ("A court may not order restitution without a hearing at which the prosecution must prove the amount of the victim's loss and its causal link to the defendant's conduct, and at which the defendant may contest those matters.").  However, in a different context, a division of this court has held that a defendant's constitutional

12

right to due process does not override a claim of privilege. *See People v. Zapata*, 2016 COA 75M, ¶ 30 (holding that the defendant was not entitled to discovery or an in camera review of statements protected by the psychologist-patient privilege), *aff'd*, 2018 CO 82. Because no published case law clearly supports Perez's right to obtain privileged documents, the trial court's decision not to provide them, even if error, could not have been obvious.

## III.   Conclusion

The restitution order is affirmed.

JUDGE BERGER concurs.

JUDGE TAUBMAN specially concurs.

JUDGE TAUBMAN, specially concurring.

¶ 29 Although I agree with the majority's analysis and conclusion, I write separately to explain why this case illustrates inattentiveness by the prosecutor, defense counsel, and the trial court regarding the applicable restitution statutes. I also write to point out two ambiguities in those statutes which the General Assembly may wish to address.

## I. Background

¶ 30 To facilitate understanding of my comments, I restate some of the applicable law contained in the majority opinion. First, every order of conviction for a felony "shall include consideration of restitution." § 18-1.3-603(1), C.R.S. 2018. Second, if the trial court reserves its determination of restitution, restitution must be fixed within ninety-one days after the order of conviction, unless good cause is shown for extending that period. § 18-1.3-603(1)(b). Third, the trial court may extend the ninety-one day period "[i]f it finds that there are extenuating circumstances affecting the prosecution's ability to determine restitution." § 18-1.3-603(2).

14

## II. Inattentiveness to Statutory Provisions

### A. Prosecution

¶ 31    As the majority notes, the time limits in section 18-1.3-603 are not jurisdictional. *People v. Harman*, 97 P.3d 290, 293 (Colo. App. 2004). Nevertheless, even though the trial court reserved the determination of restitution for ninety days, the People did not move for an extension of time to request restitution until ninety-four days after the order of conviction, March 6, 2014.

¶ 32    When they did, the People did not invoke the statutory terms of "good cause" or "extenuating circumstances." Instead they asserted: "Due to extensive and complex medical bills as well as the lost wages form received from victim [J.R.] on March 5, 2014; substantial and possible ongoing claims from crime victim compensation, the People request an additional [ninety] days to accumulate all proper documentation." This statement did not explain why the People could not have considered the medical bills in the ninety-day period; why they were complex (Perez says they were not); and what efforts, if any, the People made to obtain the victim's lost wages form within the ninety-day period.

¶ 33    Further, section 18-1.3-603(2) provides that the prosecution shall present restitution information to the court before the order of conviction or within ninety-one days, if it is not available before the order of conviction.  Accordingly, the People had an obligation to show why the information supporting their restitution request was not available before the order of conviction.  Indeed, such a showing is a prerequisite to the trial court determining that extenuating circumstances affect the prosecutor's ability to determine restitution before the order of conviction.

¶ 34    Finally, as noted, the People did not explicitly assert that the court should extend the deadline for presenting restitution information because extenuating circumstances affected their ability to determine the amount of restitution.  *See* § 18-1.3-603(2).

## B.  Defense Counsel

¶ 35    As the majority notes, the trial court erred in not explicitly finding that there were extenuating circumstances to grant the prosecution additional time to get and submit required documentation to support its restitution request.  However, defense counsel did not assert that the trial court erred in this regard, thereby making it more difficult for Perez to litigate this issue on

16

appeal. Similarly, defense counsel did not assert in the trial court that it should have found that no good cause existed to grant the People's request for additional time to submit its documentation for each restitution request. Although a division has held in *People v. Knoeppchen*, 2019 COA 34, ¶ 25, ___ P.3d ___, ___, that no such explicit finding is required, certainly defense counsel's position would have been stronger had he expressly asked the trial court to make a good cause determination.

¶ 36    Thus, without a trial court determination of either good cause or extenuating circumstances, little information in the record indicates that reversal is appropriate.

## C.  The Trial Court

¶ 37    As noted above, the trial court did not make an express finding of either good cause or extenuating circumstances. Although the good cause statute does not explicitly require such documentation by the trial court, the statute unequivocally requires a trial court to find extenuating circumstances to grant the prosecution more time to gather and submit the required documentation. Thus, even without a request by defense counsel

17

or the prosecution, the trial court should have realized that it was required to make a finding of extenuating circumstances.

¶ 38    In addition, in *Meza v. People*, 2018 CO 23, ¶ 14, 415 P.3d 303, 308, the supreme court recognized that the trial court is authorized, but is not required, to make a finding regarding particular victims or losses of which the prosecution is aware, while reserving until a later date a finding with regard to other victims or losses. It seems clear that, under the circumstances presented, the prosecution had sufficient information to timely present to the court documentation regarding most of the victim's medical expenses. Also, it appears that the prosecution could have determined the amount of the victim's wage losses before the entry of the order of conviction. Thus, the trial court could have inquired of the prosecution whether it had sufficient information regarding some hospital bills and the victim's wage losses before it entered the judgment of conviction.

### III.  Statutory Ambiguities

¶ 39    I note two statutory ambiguities where amended legislation might be helpful. First, the statutory language discussed above does not make clear what, if any, differences there are between

"good cause" and "extenuating circumstances." Although those terms are similar, we presume that the General Assembly intended different meanings for these terms. *People v. J.J.H.*, 17 P.3d 159, 162 (Colo. 2001). For example, if the prosecutor had stated that he was busy litigating other cases and therefore needed more time to gather and submit restitution information, that explanation might have constituted "good cause" but may well have fallen short of constituting "extenuating circumstances." Similarly, while not obtaining the victim's wage loss form until the day before the filing of a request for additional time may have constituted "good cause," such requests may not have constituted "extenuating circumstances" if no earlier request had been made to the victim for his wage loss form. Accordingly, the General Assembly may wish to revisit these two terms so that they are the same, or, if they are different, to explain how they are different.

¶ 40    Specifically, the General Assembly may wish to clarify section 18-1.3-603(1)(b) to require the prosecution to make a showing of good cause before the trial court determines that the prosecution may be accorded additional time to present restitution information. Such clarification may be helpful because the *Knoeppchen,* ¶ 26,

___ P.3d at ___, division held that a good cause determination may be made at a later date. Nevertheless, it makes sense to require the prosecution to submit its good cause explanation before the trial court grants it additional time to present its restitution information to the court.

¶ 41 Finally, I note that in imposing any time limit for the submission of restitution information, the General Assembly may wish to balance the interest in making a victim whole, on the one hand, against requiring the prosecution to promptly submit restitution information to the court before memories fade and evidence becomes stale, on the other. In any event, the General Assembly should recognize that a relatively small percentage of restitution assessed is actually collected. In fiscal year 2014 through fiscal year 2018, the following percentages of state-wide restitution assessed were paid as of August 27, 2018 — 18.6, 22.2, 16.1, 14.4, and 10.9. Colorado Judicial Branch, Annual Statistical Report: Fiscal Year 2018, at 115, 119 (2018). These statistics suggest that while making victims whole is a laudable goal, it will not often be achieved. This is likely to be the case whether trial

courts frequently or seldom grant prosecution requests for additional time to submit restitution information.

¶ 42      Notwithstanding these statistics, however, prosecutors, defense counsel, and trial courts should be attentive to the statutory requirements for prosecutors to obtain additional time to submit restitution information to the trial courts.