**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 17, 2009

Charles R. Fulbruge III
Clerk

No. 09-40292
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JONATHAN CRAIG TULLOS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CR-610-1

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jonathan Craig Tullos, posing as a member of the U.S. Coast Guard en route to a new post, attempted to cross the border with 72.1 kilograms of marijuana hidden in the rental truck that he was driving. He pleaded guilty to possessing more than 50 kilograms of marijuana intending to distribute it and impersonating a federal officer, and the district court sentenced him to a 31-month prison term. On appeal, Tullos argues that the factual basis was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

insufficient to support his guilty plea on the impersonation charge because, he contends, it did not establish that he committed every element of the crime.

Tullos did not object to the factual basis in the district court; thus, we review for plain error the decision that the factual basis was adequate. *See United States v. London*, 568 F.3d 553, 558 (5th Cir.), *petition for cert. filed* (Aug. 11, 2009) (No. 09-5844). Before a district court may accept a guilty plea, it must determine that there is a sufficient factual basis to support it. FED. R. CRIM. P. 11(b)(3); *United States v. Hildenbrand*, 527 F.3d 466, 474 (5th Cir.), *cert. denied*, 129 S. Ct. 437 (2008). The factual basis for the guilty plea must be specific enough to allow the court to determine that the defendant's conduct constituted a crime. *See United States v. Castro-Trevino*, 464 F.3d 536, 540 (5th Cir. 2006). In assessing whether the factual basis is sufficient, we may examine the entire record of the proceedings, *United States v. Vonn*, 535 U.S. 55, 74 (2002), including the facts adduced in the plea agreement and during the colloquy, *United States v. Palmer*, 456 F.3d 484, 489 (5th Cir. 2006), the factual findings in the presentence report (PSR) if the court explicitly relies on it, and "fairly drawn" inferences from evidence presented after the plea but before or at sentencing. *Hildenbrand*, 527 F.3d at 475.

A person is guilty of impersonating a federal officer if, as relevant here, he (1) falsely pretends to be a federal officer and (2) acts as such. 18 U.S.C. § 912; *United States v. Randolph*, 460 F.2d 367, 368 (5th Cir. 1972). The second prong is satisfied where the defendant engages in "any overt act consistent with the assumed character." *United States v. Cohen*, 631 F.2d 1223, 1224 (5th Cir. 1980). Furthermore, this court requires proof of a third element—that the impersonator act with fraudulent intent, that is, intent to deceive another to act differently than he would have acted absent the deception. *Randolph*, 460 F.2d at 370.

The plea colloquy, the PSR findings, and the district court's statements at sentencing sufficiently support the determination that Tullos's conduct met all

of the elements of the impersonation offense. During the plea colloquy, Tullos admitted misrepresenting to border patrol agents that he was a member of the Coast Guard. He also conceded that he placed clothing with the Coast Guard insignia in the front seat of the car and told the agents that he was traveling on official orders from the Coast Guard. The PSR, which the district court adopted, reaffirmed these facts and noted that Tullos pretended to be a Coast Guard serviceman so that he "would not be closely scrutinized" by border patrol agents. Tullos did not object the PSR's factual findings. Furthermore, the district court noted at sentencing that Tullos's motive for impersonating a serviceman was to enable him "to run drugs." Thus, contrary to Tullos's assertions, the record supports the conclusion that he did more than merely misrepresent that he was a member of the Coast Guard. There is a factual basis for all three elements of the offense—that Tullos pretended to be a federal officer when he told agents that he was a member of the Coast Guard, that he acted as a member of the Coast Guard when he prominently displayed clothing bearing the Coast Guard insignia in the front seat of his truck and told agents that he was traveling on official orders from the Coast Guard, and that he intended to deceive the border agents so that they would be less likely to inspect his cargo.

The judgment of the district court is AFFIRMED.