The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
June 4, 2026

## 2026 COA 45

**No. 24CA1716, *People v. Coulier* — Crimes — Impersonating a Police Officer**

In this criminal impersonation of a peace officer case, and as a matter of first impression, a division of the Court of Appeals interprets the phrase "an act" in the statutory element "perform[ed] an act in that pretended capacity." § 18-8-112(1), C.R.S. 2025. The division holds that "an act" may constitute any conduct that is done while in that pretended capacity and that this interpretation is consistent with federal case law requiring a defendant to engage in conduct that is more than mere bravado, puffery, or bragging. The division further concludes that sufficient evidence of the defendant's conduct constituting "an act" supported his conviction, and thus, the judgment is affirmed.

Court of Appeals No. 24CA1716
El Paso County District Court No. 23CR5191
Honorable Robert L. Lowrey, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Richard James Coulier II,

Defendant-Appellant.

## JUDGMENT AFFIRMED

Division III
Opinion by JUDGE FREYRE
Johnson and Kuhn, JJ., concur

Announced June 4, 2026

Philip J. Weiser, Attorney General, Trina K. Kissel, Senior Assistant Attorney General and Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee

Jeffrey Parsons, Alternate Defense Counsel, Broomfield, Colorado, for Defendant-Appellant

¶ 1     Defendant, Richard James Coulier II, appeals his conviction for impersonating a peace officer.  As a matter of first impression, we are asked to interpret the phrase "an act" in the statutory element "perform[ed] an act in that pretended capacity," § 18-8-112(1), C.R.S. 2025, and to decide whether sufficient evidence of Coulier's conduct constituting "an act" supported his conviction.  We conclude that "an act" may constitute any conduct that is done while in that pretended capacity and that this interpretation is consistent with federal case law requiring a defendant to engage in conduct that is more than mere bravado, puffery, or bragging.  We further conclude that sufficient evidence supports Coulier's conviction and affirm the judgment.

I.     Background

¶ 2     In November 2023, Coulier and Ann Marie Lopez met at her home to discuss his purchase of an inoperative vehicle that sat in Lopez's front yard.  Coulier said he wished to purchase the vehicle to fix it up for his son.  The two agreed that Coulier would pay Lopez $200 for the vehicle and that payment and title would be exchanged once the vehicle became operable.  Lopez gave Coulier the keys, and Coulier began making repairs that same day.

1

¶ 3     By evening, Coulier was able to start the engine but could not complete all the needed repairs.  Without consulting Lopez, Coulier pushed the vehicle from Lopez's property to his property down the street so he could continue the repairs.  When Lopez discovered the vehicle missing the next morning, she called the police and reported it stolen.  Coulier continued working on the vehicle until it was operable and then gave the car to his son.

¶ 4     Shortly thereafter, Coulier's son was stopped by police officers for driving a stolen vehicle.  Coulier's son directed the police to his father.  When police arrived at Coulier's house to ask him about the stolen vehicle, Coulier told officers about his purchase agreement with Lopez and that he had not had a chance to reconnect with Lopez due to the Thanksgiving holiday.

¶ 5     In an effort to clear up any misunderstanding, Coulier went to Lopez's house the next day and repeatedly knocked on her front door.  Lopez refused to talk to Coulier and stated that she was scared to answer the door because Coulier "was knocking aggressively on the door and not leaving."  Believing he had no other option, Coulier obtained the phone number for Lopez's spouse through an internet search and placed a call to Lopez's residence.

In the phone call, Coulier identified himself as "Detective Rich of the Colorado Springs Police Department," requested that Lopez permit the "detective" be allowed to bring Coulier to her house to talk about the stolen vehicle because "it was all a misunderstanding." Lopez did not believe the call was from the police and hung up. Lopez then redialed the number and asked Coulier follow-up questions, such as "Detective Rich['s]" badge number, to confirm her suspicions that it was not the police calling her. Coulier refused to provide any badge number upon Lopez's request. Believing she recognized his voice, Lopez demanded that Coulier cease trying to contact her.

¶ 6     Lopez then contacted the police, and an officer was dispatched to her home because Lopez was "worried for her safety" and her family's safety due to Coulier's repeated attempts to contact her. Lopez provided the officer with the number used to contact her. That number matched Coulier's personal phone number. The officer then called Coulier, who confirmed that he had identified himself as "Detective Rich."

¶ 7     Coulier was charged with one count of motor vehicle theft in violation of section 18-4-409(3), C.R.S. 2025, and one count of

3

impersonating a peace officer in violation of section 18-8-112. During deliberations, the jury asked, "[W]hat constitutes [']performed an act['] per criteria number [four], the impersonating an officer charge?"  The court replied,

> You have all of the evidence and instructions you may properly rely upon in reaching your verdict.  You should use reason and common sense in your deliberations.  You may also refer to the definition of voluntary act included in the jury instructions.

The jury acquitted Coulier of motor vehicle theft but found him guilty of impersonating a peace officer.

## II.     Impersonating a Peace Officer

¶ 8     Coulier contends that the impersonation statute requires an overt act and that the prosecution produced insufficient evidence of an overt act to support his conviction.  We are not persuaded.

### A.     Standard of Review and Applicable Law

¶ 9     We review the record de novo in sufficiency of the evidence claims.  *People v. Donald,* 2020 CO 24, ¶ 18.  To determine whether the prosecution presented sufficient evidence to support a conviction, we evaluate "whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most

favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt." *Id.* (quoting *Clark v. People*, 232 P.3d 1287, 1291 (Colo. 2010)).

¶ 10 Coulier's contention also presents a question of statutory interpretation, which we review de novo. *People v. Coleman*, 2018 COA 67, ¶ 40. When interpreting a statute, our goal is to give effect to the legislature's intent. *Id.* at ¶ 41. We begin with the statute's language, giving words and phrases their ordinary meanings. *Id.* If the statute is unambiguous, our analysis ends there. *See id.* But if the statute is ambiguous, we may seek guidance from, among other sources, prior law, legislative history, the consequences of a particular construction, and the statute's underlying policy or purpose. *People v. Turecek*, 2012 COA 59, ¶ 11, *overruled on other grounds by*, *People v. Weeks*, 2021 CO 75, ¶ 47 n.16; § 2-4-203, C.R.S. 2025.

¶ 11 As relevant here, "[a] person who falsely pretends to be a peace officer and performs an act in that pretended capacity commits impersonating a peace officer." § 18-8-112(1).

## B.     Analysis

¶ 12     Whether sufficient evidence of "an act" exists requires us to define "an act" under section 18-8-112(1), which presents an issue of first impression.  Neither section 18-8-112(1), or Colorado case law, nor comments to the model criminal jury instructions define "an act" as that phrase is used in the statute.  When the jury asked what constituted "an act," the trial court referred the jury to the statutory definition of "voluntary act" in the jury instructions and told the jury that it "should use reason and common sense in [its] deliberations."[1]  "Voluntary act" is defined as "an act performed consciously as a result of effort or determination."  § 18-1-501(9), C.R.S. 2025.

¶ 13     Coulier argues that this definition, coupled with the dictionary definition of "act" — "the doing of a thing" or "something done voluntarily," and "the process of doing something."  Merriam-Webster Dictionary, https://perma.cc/S97R-CZP3 — "contemplate[s] some action beyond mere speech."  He reasons that

---

[1] Coulier does not challenge the court's response to the jury question on appeal.

6

simply misrepresenting one's identity verbally improperly collapses the two statutory elements — assuming a false identity and doing an act in that pretended capacity — into one, and, therefore, that the statute requires an overt act beyond the verbal misrepresentation.

¶ 14     In construing a statute, we seek to effectuate the legislature's intent. *McBride v. People*, 2022 CO 30, ¶ 23.  We first consider the statute's language, "assigning its words and phrases their plain and ordinary meanings." *Id.*  In our interpretation, we avoid construing a statute in a way that would render part of it superfluous. *Id.*

¶ 15     Because the word "act" is not defined by statute, we begin with the dictionary definition to discern the term's plain and ordinary meaning. *See People v. Lucy*, 2020 CO 68, ¶ 31.  Merriam-Webster defines "act" as "the doing of a thing"; "something done voluntarily"; and "the process of doing something."  Merriam-Webster Dictionary, https://perma.cc/S97R-CZP3.  This definition is consistent with the definition of "voluntary act" to which the trial court referred the jury.

¶ 16     Next, we consider what the statute does *not* say.  Coulier asks us to read the word "overt" into the statute and argues that

7

something intentional, beyond the mere misrepresentation is required.  But we may not add words to a statute, *see People v. Diaz*, 2015 CO 28, ¶ 12, and we must respect the legislature's choice of language, *People v. Jaramillo*, 183 P.3d 665, 671 (Colo. App. 2008).

¶ 17     We also are not persuaded that the federal cases on which Coulier relies require a different result.  The federal impersonating an officer statute, 18 U.S.C. § 912, provides as follows:

> Whoever [1] falsely assumes or pretends to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and [2] acts as such, or in such pretended character demands or obtains any money, paper, document, or thing of value, shall be fined under this title or imprisoned not more than three years, or both.

Some federal courts have also required proof of a third element — "that the impersonator act with fraudulent intent, that is, intent to deceive another to act differently than he would have acted absent the deception."  *United States v. Ferris*, 52 F.4th 235, 239 (5th Cir. 2022) (quoting *United States v. Tullos*, 356 F. App'x 727, 728 (5th Cir. 2009)).  These courts have held that "[m]erely falsely pretending to be an officer or employee of the United States with intent to

8

defraud is not enough. An overt act is necessary to complete either offense." *Id.* (quoting *Baas v. United States*, 25 F.2d 294, 294 (5th Cir. 1928)); *United States v. Neidlinger*, 354 F. App'x 357, 361 (10th Cir. 2009) ("'[T]o act as such' . . . requires something beyond the false pretense with intent to defraud; there must be some act in keeping with the pretense . . . . " (quoting *United States v. Barnow*, 239 U.S. 74, 77 (1915))).

¶ 18     We see little distinction between this case and the federal cases on which Coulier relies or between "an act" and an "overt act." For example, in *Neidlinger*, the defendant pretended to be a United States Marshal, showed a badge, and forced his way into a mayor's office. *Id.* The court found these facts constituted sufficient "overt act[s]" that went beyond "mere bragging, bravado, or puffery." *Id.* at 361-62. Additionally, in *United States v. Rosser*, 528 F.2d 652, 657 (D.C. Cir. 1976), the court affirmed the defendant's conviction when he pretended to work for the Internal Revenue Service and "'solicited information about gasoline sales' and 'arranged for gasoline sales and service.'" It concluded that the solicitation of information constituted sufficient evidence of an overt act under the statute. *Id.*

9

¶ 19    Similarly, in *Tullos*, 356 F. App'x at 728, the court found sufficient evidence of an overt act when the defendant "acted as a member of the Coast Guard [by] prominently display[ing] clothing bearing the Coast Guard insignia in the front seat of his truck and [telling] agents that he was traveling on official orders from the Coast Guard."

¶ 20    Here, Coulier called Lopez and pretended to be "Detective Rich" of the Colorado Springs Police Department, thereby satisfying the first element of the statute — falsely pretending to be a police officer.  In this pretended capacity, he encouraged Lopez to allow the "detective" to bring Coulier to her house to clear up a misunderstanding about the missing vehicle, thereby satisfying the second element of the statute — performing an act in that pretended capacity.  Similar to the *Rosser* case, we conclude that Coulier's attempt to have Lopez meet with him at her house to resolve a misunderstanding constituted an act under the statute that satisfies the second element.  And while we agree with Coulier that simply pretending to be an officer, without more, would be insufficient to sustain a conviction, we conclude that any act done in the pretended capacity, whether verbal, as is the case here and

was the case in *Rosser*, or more physical, as was wearing the badge in *Neidlinger* or the uniform in *Tullos*, satisfies the statutory element of "an act" under section 18-8-112.  Therefore, we necessarily conclude that sufficient evidence supported Coulier's conviction for impersonating a peace officer.[2]

### III.    Disposition

¶ 21    The judgment is affirmed.

JUDGE JOHNSON and JUDGE KUHN concur.

---

[2] Additional evidence supporting the conviction includes Coulier's admissions to the police that he introduced himself as a police officer and solicited Lopez's agreement to meet with him during the phone call.